ALICE M. GRANGER *vs.* EDWARD K. PARKER.

Norfolk. March 4. — May 8, 1884. DEVENS & COLBURN, JJ., absent.

A woman mortgaged a parcel of land to a bank. The bank foreclosed the mortgage, and the husband of the woman agreed to pay rent for the same to the bank until the bank sold the land. Subsequently the bank conveyed the land, and the grantee brought an action, under the Pub. Sts. *c.* 175, against the husband to recover possession. The judge, who tried the case without a jury, found that the defendant was, at the time of the deed to the plaintiff, the tenant of the bank; and ruled that it was not open to the defendant to deny, in this action, the bank's title or possession at the time of said deed. *Held,* that the finding was warranted by the evidence, and that the ruling was correct.

ACTION on the Pub. Sts. *c.* 175, to recover possession of certain premises in Randolph. Writ dated December 4, 1882. Trial in the Superior Court, without a jury, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

The evidence showed that Austin B. French, being the owner of the premises described in the plaintiff's writ, conveyed them to Eliza D. Parker, the wife of the defendant, by warranty deed, dated January 1, 1876, and recorded January 19, 1876; that, within a month after the date of said deed, Eliza D. entered into possession and occupation of said premises, and has continued in such possession and occupation to the present time, unless the facts hereinafter stated show an interruption thereof; that the defendant and Eliza D., at the time she entered into such possession and occupation, were living together as husband and wife, and from that time to the present time have continuously lived together as husband and wife on said premises; that a part of the furniture belonged to the defendant, and a part to his said wife; that Eliza D. conveyed said premises in mortgage to the Randolph Savings Bank, by deed dated January 1, 1876, and recorded January 26, 1876, to secure the payment of her promissory note for $3500; that the defendant joined in said deed to convey any right he had in the premises, and in token of his assent thereto, but did not sign the note; that the bank, under said deed, made open and peaceable entry on said premises on October 4, 1882, and a proper certificate of two witnesses to prove said entry was made and sworn to in due form, and recorded October 7, 1882, but at that time no actual possession was taken of said premises by the bank; that the bank advertised and sold said premises under the power of sale contained in the mortgage, to J. W. Belcher, and executed and delivered a deed of the premises to Belcher, dated October 4, 1882, which deed, with the accompanying affidavit, was recorded October 7, 1882; that all the proceedings of said sale were in conformity with the requirements of said power of sale, and the statutes in such cases made and provided; that Belcher conveyed said premises to the bank, by deed dated October 4, 1882, and recorded October 7, 1882, and the bank conveyed said premises to the plaintiff, by deed dated November 24, 1882, and recorded December 6, 1882; that neither of the three last-mentioned deeds was delivered on the premises therein described; and that, by an agreement, made after said sale and the delivery of the deed to the bank, between the defendant and Belcher in behalf of the bank, this defendant agreed to pay rent for said premises until they were sold by the

bank, and paid rent for said premises from October 4 until November 4, 1882. The only evidence that Eliza D. Parker knew of or consented to said arrangement was that the attorney of the bank, after the foreclosure sale, said to her on the premises, that the sale had been made, and that some arrangement would be necessary in regard to the occupancy, and thereafter the arrangement above stated was made, and Eliza D. never made any other arrangement, and was not called as a witness. The evidence further showed that the defendant made an offer to the bank to purchase said premises, which was not accepted; that two notices were served on the defendant, one by Belcher notifying him of the sale to the plaintiff, and the other by the plaintiff requesting him to vacate the premises; that, after Eliza D. became the owner of said premises, she personally let the stable thereon to one Long, and took the rent herself; that when the bill for rent was presented by the attorney of the bank to the defendant, he declined to pay the rent, for the reason that the bill said "house," and he contended that it should be so written as to include the stable; and that, after consultation by said attorney with the officers of the bank, and at the request of the defendant, the words "and premises" were interlined, so that the bill read for rent of house and premises, and then the defendant paid the rent then due, and took the receipted bill of the bank.

It did not appear in evidence that Mrs. Parker had made or claimed any rights in the premises otherwise than as hereinbefore stated, after the foreclosure by the bank, and the hiring by the defendant.

The judge found for the plaintiff; and also found as a fact that the defendant was, at the time of the deed to the plaintiff, and for one month or more had been, the tenant of the bank; and ruled, as matter of law, that it was not open to the defendant to deny in this action the bank's title or possession at the time of said deed. The defendant alleged exceptions.

*F. D. Ely & A. W. Gates*, for the defendant.

*J. F. Colby & J. Wales*, for the plaintiff.

C. ALLEN, J. The finding by the court, that the defendant was the tenant of the bank, was well warranted; and the ruling

that it was not open to him in this action to deny the bank's title or possession was in accordance with the decision in *Miller* v. *Lang*, 99 Mass. 13, between which case and the present we see no valid distinction in principle.     *Exceptions overruled.*