ALICE M. GRANGER *vs.* EDWARD K. PARKER & others.

Norfolk.   March 26. — June 30, 1886.   W. ALLEN & HOLMES, JJ., absent.

If, in an action on the Pub. Sts. c. 175, to recover possession of certain premises, brought in a district court, which has jurisdiction of the cause and of the parties, judgment is rendered for the plaintiff, from which the defendant appeals to the Superior Court, and gives a bond, with sureties, to prosecute his appeal, and the action is entered and tried in the Superior Court, which affirms the decision of the district court, to which exceptions are taken, heard, and overruled in this court, and final judgment for the plaintiff is entered in the Superior Court for possession of the premises, it is not open to the principal or sureties, in an action upon the bond, to question the validity of the judgment on the ground that the appeal should have been completed by a recognizance instead of a bond.

CONTRACT on a bond, in the penal sum of $3000, executed on December 21, 1882, to the plaintiff, by the first-named defendant as principal, and by the other defendants as sureties, and containing the following condition:

"The condition of the obligation is such, that whereas the said Alice M. Granger, by the consideration of the justices of the District Court of East Norfolk, holden at Quincy in said county of Norfolk, for civil business, on the twentieth day of December, in the year of our Lord eighteen hundred and eighty-two, by

assignment against the said Edward K. Parker, recovered judgment for the possession of a certain parcel of land with the buildings thereon," (then followed a description of the premises,) "which the said Alice M. Granger alleged that the said Edward K. Parker held unlawfully and against the right of her, the said Alice M. Granger, and also at the said court recovered fourteen dollars and forty-seven cents for costs. From which judgment the said Edward K. Parker appealed to the Superior Court, to be holden at Dedham, within and for said county of Norfolk, for the transaction of civil business, on the fourth Monday of December instant. Now if the said Edward K. Parker shall enter this said action, and prosecute his said appeal, pay all rent now due, all intervening rent, and all damages and loss which the said Alice M. Granger may sustain by reason of the withholding of the possession of the above-described premises, and by reason of any injury done thereto during such withholding, together with all costs until the delivery of the possession of said premises, in case the judgment from which this appeal is made is affirmed, then this obligation shall be void; otherwise, it shall be and remain in full force and virtue."

The answer admitted the execution of the bond, but averred that it was made under duress, and was invalid; and that the appeal should have been perfected by a recognizance instead of a bond.

Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

The writ in the original action, on the Pub. Sts. *c.* 175, was dated December 4, 1882. The case was entered and tried in said Superior Court, and a verdict was returned for the plaintiff, and judgment rendered thereon, on which execution issued, by which the plaintiff was put in possession of said premises.

The present action is brought to recover the rent, costs, and damages referred to in said bond. After the defendants had filed their answer, they filed a motion to dismiss the action for want of jurisdiction, on the ground that the appeal should have been taken by recognizance, as required by the Pub. Sts. *c.* 175, § 6, which motion was heard at a former term and overruled, and an appeal taken. The motion was renewed at the present term, and again overruled; and the defendants excepted.

The defendants admitted, that, if the plaintiff was entitled to recover on the bond, the condition of it had been broken ; and a verdict was rendered that the condition was broken, and damages were assessed for the plaintiff in the sum of $533.77.

The defendants alleged exceptions.

*N. C. Berry,* for the defendants. 1. The St. of 1882, *c.* 95, which provides that the provisions of § 52 of *c.* 154 of the Public Statutes, " relating to the filing of bonds by parties appealing in civil proceedings in the municipal courts of the city of Boston and the execution thereof by attorneys of record, shall apply to the several municipal, police, and district courts in the Commonwealth," do not apply to § 6 of the Pub. Sts. *c.* 175, which provides that when the defendant appeals in a landlord and tenant action he shall recognize with sufficient surety or sureties to enter the action and pay all rent and damages, &c., if judgment be affirmed, except "when the action is brought in a municipal court, the defendant shall give a bond with sufficient surety or sureties, instead of a recognizance."

The act of amendment very carefully and accurately defines the act it amends, to wit, § 52, which authorizes the attorney of the appellant (plaintiff or defendant) to execute the bond in his behalf. But § 6 of the Pub. Sts. *c.* 175, does not authorize the attorney of the defendant to execute the bond in his behalf, for the obvious reason that the penalty is large, as in this case $3000. Neither does this section apply to the appeal taken by the plaintiff.

The Public Statutes required all appeals taken from the district courts to the Superior Court to be by recognizance in civil actions, except appeals from the municipal courts. Pub. Sts. *c.* 155, §§ 29, 30; *c.* 154, §§ 39, 52.

Chapter 154 of the Public Statutes refers to transitory actions. This bond was taken in a local action. Pub. Sts. *c.* 175, § 3.

2. The appeal was void in this case. *Santom* v. *Ballard,* 133 Mass. 464. The judgment rendered against Parker is good until reversed. The other defendants in this case had no day in court, and interposed their objection to the bond at the earliest moment, and the action should be dismissed. *Fisher* v. *Shattuck,* 17 Pick. 252. *Boston* v. *Capen,* 7 Cush. 116, 124. *Elder* v. *Dwight Manuf. Co.* 4 Gray, 201. *Commonwealth* v. *Kelly,* 9 Gray,

259. *Ashuelot Bank* v. *Pearson*, 14 Gray, 521. *McQuade* v. *O'Neil*, 15 Gray, 52. *Newcomb* v. *Worster*, 7 Allen, 198. *Gray* v. *Thrasher*, 104 Mass. 373. *Riley* v. *Lowell*, 117 Mass. 76.

This bond was not a voluntary one, because it was given by the principal defendant and his sureties under color of law, and executed by them, as will be presumed, because the district court required it, in order to perfect said appeal. *Commonwealth* v. *Kelly, ubi supra. Sweetser* v. *Hay*, 2 Gray, 49. *Boston* v. *Capen, ubi supra. Merrill* v. *Prince*, 7 Mass. 396. *Thompson* v. *Lockwood*, 15 Johns. 256. *Osborn* v. *Robbins*, 36 N. Y. 365. *Story* v. *Grannis*, 26 Barb. 122.

*J. F. Colby*, for the plaintiff.

C. ALLEN, J. The defendants, in various forms, take the objection that the bond declared on is wholly invalid, and that the appeal from the district court should have been completed by a recognizance instead of the bond. They contend that they made the bond under duress, by order of the district court; but offer no evidence of actual duress. They rely on the ground that it should be presumed to have been executed because the district court required it, in order to perfect said appeal. It is conceded that the district court had jurisdiction of the cause and of the parties. The judgment of that court being for the plaintiff, the defendant Parker sought to exercise his right of appeal to the Superior Court, and entered into the bond now in suit, this being the form of security adopted to make the appeal effectual. The defendants now contend that the form of security should have been a recognizance instead of a bond. There is no suggestion that the condition of the bond contains anything which the recognizance ought not to have contained. So far as appears, no question arose as to whether a bond or a recognizance was the proper form of security; the appeal was entered in the Superior Court, and tried there; the decision of the district court was affirmed; exceptions were taken, which were heard and overruled in this court, 137 Mass. 228; and judgment for the plaintiff was finally entered in the Superior Court, for possession of the premises. The proper parties were before that court; the subject was within its jurisdiction; and the only possible objection to its judgment is, that the defendant Parker did not file the proper form of security to get the cause properly transferred

there. Without now considering whether the security should have been by way of a recognizance instead of a bond, we are of opinion that the objection is not now open to the defendants. It might have been taken by the adverse party, or by the court itself, at any time before judgment. *Santom* v. *Ballard*, 133 Mass. 464. *Henderson* v. *Benson*, 141 Mass. 218. But where the objection to the jurisdiction in a civil action rests simply on the ground that the party appealing did not give security for the prosecution of his appeal in the proper form, but gave a bond instead of a recognizance, where there was no actual requirement to adopt the particular form of a bond, where the conditions of the bond are the same which are prescribed by statute, and it is not apparent that any injury can have resulted from the substitution of a bond in place of a recognizance, where no suggestion of a mistake in this respect was made in the appellate court, but the cause proceeded without any objection or suggestion of mistake to a hearing and final judgment, and where the party appealing thus got the full benefit of his appeal by an unobstructed and full hearing on the merits in the appellate court, it is not open to him afterwards to question the validity of the judgment on the ground of his own failure to furnish security in the proper form for the prosecution of his appeal. As to him, the judgment stands valid and irreversible. *Glazier* v. *Carpenter*, 16 Gray, 385. *Commonwealth* v. *Sullivan*, 11 Gray, 203.

But if the party himself is not entitled to a reversal of the judgment on a writ of error or review, neither can the sureties avoid it by plea and proof. There is no suggestion of any collusion or fraud on the part of the defendant in improperly submitting to a judgment in order to charge the sureties. The provisions of the bond are no more onerous than those which a recognizance would have contained. The bond contemplates precisely the proceedings which were actually had, and the result which was reached. The object for which it was given has been fully accomplished. The liability on a bond is no greater than it would have been on a recognizance. Execution is only awarded for so much of the penal sum as is due and payable in equity and good conscience. Pub. Sts. c. 171, § 10. The judgment being valid as against the principal, there is no good ground

upon which the sureties can impeach it. *Fall River* v. *Riley*, 140 Mass. 488. The difficulty with the argument of the sureties is, that the judgment was valid, and not void.

By putting the decision on the ground that the bond is valid at common law, if not as a statutory bond, we do not mean to intimate that a recognizance should have been taken.

*Exceptions overruled.*