WILLIAM PRAY *vs.* EMMA WASDELL & others.

Middlesex.    January 18, 1888. — March 3, 1888.

Present: MORTON, C. J., DEVENS, HOLMES, & KNOWLTON, JJ.

*Landlord and Tenant — Forcible Entry and Detainer — Appeal — Bond —*
*Judgment — Waiver — Rent — Damages.*

A bond, given on an appeal under the Pub. Sts. c. 175, § 6, in an action to recover
possession of a room, and conditioned that the tenant "shall enter and prose-
cute his said appeal" in the Superior Court "with effect, and satisfy any judg-
ment which may be entered against him in said Superior Court, and all rent
due or to become due, damages and costs, upon said appeal and for costs, within
thirty days of the entry of such judgment," if not within the statute, is valid
at common law.

If the bond provides for the entry of the appeal on the "first Monday of Septem-
ber next," and, although it is dated August 13 and recites proceedings as having
occurred on August 16, is not filed and approved until September 1, which is
Monday, that is the day for such entry, and the date of the bond, not being
misleading, will not affect its validity.

If the tenant when notified to quit merely exchanges rooms in the same house with
another person, the jury may, in an action on the bond, regard the latter's occu-
pation as that of the tenant.

A misdescription in a writ on the Pub. Sts. c. 175, of the street on which the prem-
ises sought to be recovered are situated, is not fatal, if the description otherwise
is sufficient.

In an action on the bond it is too late to impeach the validity of the judgment
obtained without objection on appeal, on the ground that the bond differs from
that prescribed by statute.

A lessee of premises for one year from June, 1884, brought an action in July, 1884,
on the Pub. Sts. c. 175, to recover possession of a room from a sub-lessee, and
in June, 1885, took a new lease for a further like term.   The sub-lessee, on ap-
peal from a judgment against him, gave a bond, in September, 1884, conditioned
to pay all "rent due or to become due," and, on affirmance of the judgment,
possession was taken on execution in March, 1886.   *Held*, in an action on the
bond brought in April, 1886, that rent was recoverable under the new, as well
as under the original lease.

CONTRACT on a bond, bearing date August 13, 1884, to the
plaintiff, by the defendant Charles Stebbins as principal, and by
the other defendants as sureties, filed and approved on Septem-
ber 1, 1884, and containing the following condition:

"The condition of this obligation is such that whereas the said
William Pray, by the consideration of the justice of the First
District Court of Eastern Middlesex holden at Malden within

the County of Middlesex for civil business on the sixteenth day of August in the year of our Lord one thousand eight hundred and eighty-four, recovered judgment against the said Charles Stebbins for the possession of certain premises set forth in the below action, and costs of suit taxed at eleven dollars and twelve cents in a personal action brought by said William Pray against said Charles Stebbins, in which said action William Pray claims the premises described in his said writ, from which judgment the said Charles Stebbins appealed to the Superior Court to be holden at Lowell within and for the County of Middlesex for the transaction of civil business on the first Monday of September next. Now if the said Charles Stebbins shall enter and prosecute his said appeal at said Superior Court with effect, and satisfy any judgment which may be entered against him in said Superior Court, and all rent due or to become due, damages, and costs upon said appeal, and for costs within thirty days of the entry of such judgment then this obligation to be void, otherwise to abide in full force, power, and virtue."

Writ dated April 3, 1886.

The declaration alleged that judgment was rendered in the Superior Court, on appeal, against Stebbins, for the possession of the premises described in the writ in the original action, and for costs, and that the present action was brought to recover the rent, damages, and costs referred to in the bond. The answers severally filed by the defendants admitted the execution of the bond, but denied that the bond or the judgment in the Superior Court was valid; and an additional answer, filed by the defendants, averred that said Stebbins had paid the costs in full, that no rent was due or had ever become due to the plaintiff, and that no damages had been sustained by him.

At the trial in the Superior Court, before *Thompson*, J., it appeared that the writ in the original action, on the Pub. Sts. c. 175, which was dated July 10, 1884, alleged that Stebbins was in possession of "a room situated on the northeast corner of house on Vine Street," in Melrose, but described the house as standing on land bounding on Myrtle Street; that execution duly issued on the judgment in the Superior Court, by which, on March 16, 1886, possession was taken by an officer, to whom the costs were paid in full after the beginning of the

present action; that a lease of premises on Myrtle Street in Melrose was made to the plaintiff on June 27, 1884, for the term of one year; that a notice to quit, dated on that day, was served the same day on Stebbins; that within forty-eight hours after the date and service of the notice Stebbins vacated the room, having exchanged it for another room in the same house, under an arrangement whereby possession of the room left by him was taken by his mother, who continued to occupy it until March 16, 1886; and that a second lease of the premises on Myrtle Street was made to the plaintiff, dated June 22, 1885, for a further term of one year from June 27, 1885, but it did not appear that Stebbins had any notice of the execution of the second lease.

The defendants asked the judge to rule that the plaintiff could not maintain his action against the defendants on the bond: 1. Because the bond in suit was not a proper bond, or one required by the statute, and was invalid, in that it appeared that it was dated August 13, 1884, was approved September 1, 1884, which was the first Monday of September, 1884, and was conditioned to appear on the first Monday of September next, at the Superior Court; that it included all the costs of both courts, and not of the court appealed to; and that it was in the alternative "for all rent due or to become due, damages, and costs," and not as provided by the Pub. Sts. c. 175, § 6. 2. Because the evidence showed that, Charles Stebbins having paid the entire costs demanded of him, there was nothing due the plaintiff on the bond for costs, and there was nothing due for rent, as it was uncertain what rent the bond referred to, not being in accordance with the terms of the statute. 3. Because the original writ was defective and was of no force, in not describing the premises or any part of the premises mentioned in the lease, not being on Vine, but on Myrtle Street.

The judge declined so to rule, but ruled that the bond was good and valid in law; that the date, August 13, 1884, did not render it invalid; that the appeal to the next Superior Court meant the court held on the first Monday of September, 1884, and was rightfully entered on that date, September 1, 1884; that the plaintiff could recover for damages only, and not the costs of court, and that the damages which could be recovered

would be the rent due under the first lease until June 27, 1885, and under the new lease from that date until possession was taken under the execution; that the description of the premises as on Vine Street was not fatal, if the description was sufficient clearly to describe the premises; and that if Stebbins exchanged the room he occupied with another person, and, being notified to quit, put such person in possession thereof, that would not be a vacating of the premises in accordance with such notice, and that the occupation by such person under him upon such an agreement might be regarded by the jury as his occupation.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*A. V. Lynde*, for the defendants.

*W. Schofield*, for the plaintiff.

KNOWLTON, J. The defendants do not contend, and we think they could not successfully contend, that the security to be furnished upon an appeal under the Pub. Sts. c. 175, § 6, in a suit to recover possession of land should be by recognizance, and not by bond. See *Granger* v. *Parker*, 142 Mass. 186; St. 1882, c. 95.

The condition of the bond in this case differs in its language from that called for by the statute. A defendant, upon taking an appeal in a case of this kind, should bind himself " to enter the action, and to pay to the plaintiff if the final judgment is in his favor all rent then due, all intervening rent, and all damage and loss which he may sustain by reason of the withholding of the possession of the demanded premises, and by reason of any injury done thereto during such withholding, together with all costs until the delivery of the possession thereof to him." Pub. Sts. c. 175, § 6. The condition of this bond is to " enter and prosecute his said appeal at said Superior Court with effect, and satisfy any judgment which may be entered against him in said Superior Court, and all rent due or to become due, damages, and costs upon said appeal, and for costs within thirty days of the entry of such judgment."

If this were not a bond, but a recognizance, which would be void for want of jurisdiction in the magistrate if it purported to secure performance of more than the recognizor could lawfully be required to do, we should hesitate to declare it invalid by

reason of its departure from the language of the statute. A change of form not affecting the substance of the condition would not render it so. *Martin* v. *Campbell*, 120 Mass. 126. Nor a failure to include in the statement of the obligation all that the statute prescribes. *Shaw* v. *McIntier*, 5 Allen, 423. And it is difficult to see what greater obligation as to rent, damages, or costs is stated in the bond, than is described in the statute which we have quoted.

But it is unnecessary to decide whether the contract is valid under the statutes, for, if not, it is binding at common law. It was entered into voluntarily, it contains nothing in conflict with the statute, and it is not otherwise illegal. Obligors who sign such an instrument are bound by it. *Morse* v. *Hodsdon*, 5 Mass. 314. *Sweetser* v. *Hay*, 2 Gray, 49. *Bank of Brighton* v. *Smith*, 5 Allen, 413. *Conant* v. *Newton*, 126 Mass. 105.

The date of the bond does not affect its validity. The paper upon its face shows an error in date; for it is dated August 13, and it recites proceedings in court as having occurred August 16. But it took effect when it was filed and approved, and the mistake created no ambiguity, and was not misleading. *Battles* v. *Fobes*, 21 Pick. 239. *Shaughnessey* v. *Lewis*, 130 Mass. 355.

The presiding judge correctly ruled, that, if the mother of the defendant in the original suit occupied the premises described in the writ under an arrangement with him that she should have them in exchange for other premises which she gave up to him, that might be regarded by the jury as his occupation. The ruling as to the description of the premises was also correct.

Neither the principal defendant nor his sureties, after having given this bond as a means of obtaining an appeal which has been prosecuted to final-judgment without objection, can now be permitted to dispute the validity of that judgment on account of the difference which appears between the language of the bond and that prescribed by the statute. *Fall River* v. *Riley*, 140 Mass. 488. *Granger* v. *Parker*, 142 Mass. 186.

The only remaining question is whether the plaintiff was entitled to rent after the expiration of his first lease, while his title and right of possession continued under a second lease which took effect from the expiration of the first. It does not appear how this could have affected the rights of either party at the

trial of the question of liability; for upon showing a breach of the bond in any particular, the verdict and judgment should have been for the penal sum named in it, and the amount for which execution was to be awarded should have been ascertained in a subsequent proceeding. Pub. Sts. c. 171, §§ 9, 10.

In determining that, the rental value of the premises was to be considered up to the time when the plaintiff obtained possession under his execution. It is unnecessary to determine what would have been the effect as to judgment and execution in the original suit if the plaintiff had not taken his second lease, and if the expiration of the first had been pleaded while the suit was pending. His right to recover when he commenced his action was established, and that entitled him to judgment and execution. In the absence of anything to show a change, his right continued under the new lease, and judgment and execution followed. A fair construction of the language of the bond, " all rent due and to become due," includes rent during the term of the second lease, as well as of the first.

*Exceptions overruled.*