## SKINNER V. HOLT *et al.*

1. Though a bond on appeal from the county to the circuit court is defective in that it does not run to the state, nor specify the place of residence of either of the sureties, but contains all the essential elements of a common-law bond, and it appears that the appeal is taken in good faith, the circuit court, under Comp. Laws, Sec. 5235, may, on the trial of the cause, permit a sufficient undertaking to be filed.

2. Laws 1890, Chap. 51, Sec. 21, providing that a policy of life insurance, in the absence of an agreement to the contrary, shall inure to the separate use of the husband or wife independently of creditors, and that an endowment policy, payable to the assured on attaining a certain age, shall be exempt from liabilities for his debts, violates the constitutional provision declaring that the right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, and exempting from forced sale a reasonable amount of personal property, the kind and value of which is to be fixed by general laws.

3. After an appeal had been taken from a judgment of the county court decreeing that the proceeds of a policy of insurance on the life of and payable to the estate of an insolvent, who had died intestate leaving a wife and minor children, were assets of his estate for the partial payment of debts, the legislature enacted (Laws 1895, Chap. 89) that the avails of any policy of insurance "heretofore or hereafter issued upon the life of any person," and payable to the estate of the insured, etc., shall, to an amount not exceeding $5,000, inure to the separate use of the widow or husband or minor children, independently of the creditors of deceased. *Held*, that said act did not affect the rights of creditors under said judgment; to hold otherwise would deprive unreversed judgments of the element of conclusiveness, intrenched upon the constitutional principle which separates the legislative and judicial powers, and in effect amount to a reversal of a judgment by the legislature.

4. Laws 1895, Chap. 89, declaring that the avails of any policy of insurance, "heretofore or hereafter issued upon the life of any person," payable to the estate of the insured, etc., "shall, if the insured at the time of death reside or resided in this state, and leave or left a surviving widow or minor child," to an amount not exceeding $5,000, inure to the separate use of the widow or husband or minor children, independently of the creditors of deceased, conflicts with Const. U. S. Art. 1, Sec 10, providing that no state shall pass any law impairing the obligation of contracts, and also with Const. Art. 6, Sec. 12, containing, in substance and effect, the same provision.

5. Said act of 1895, in so far as it relates to antecedent transactions, being retroactive, is inoperative and void.

(Opinion filed Dec. 23, 1896.)

Appeal from circuit court, Hutchinson county.   Hon. E. G. SMITH, Judge.

Proceeding between Bertha R. Skinner and A. H. Holt and George Holt, co-partners as Holt Bros., and others to determine the rights of the parties to the proceeds of a policy of insurance on the life of John J. Skinner, deceased.   From an order of the county court subjecting the proceeds of said policy to the payment of decedent's debts, said Bertha R. Skinner appealed to the circuit court, where the judgment of the county court was reversed, and Holt Bros. appeal.   Reversed.

The facts are stated in the opinion.

*Wellington Brown, J. D. Elliott* and *Warren Dimock*, for appellants.

When a bond on appeal is absolutely void, the appellate court does not acquire jurisdiction even to the extent of allowing an amended undertaking.   1 Am. & Eng. Encyc. of Pl. & Pr. 990.   See, also, Rudolph v. Herman, 2 S. D. 399, 50 N. W. 833.   Secs. 21 and 22, Chap. 51, Laws of 1890, are in conflict with Sec. 4, Art. 21, and Sec. 21, Art. 3, state constitution. Howe v. Howe, 61 N. W. 456; Albright v. State, 8 Tex. App. 216; Ins. Co. v. Mayor, 8 N. Y. 229; 61 Am. Dec. 338; State v. County Judge, 2 Ia. 280; Cooley's Const. Lim. 173; Davis v. State, 61 Am. Dec. 339; State v. Morgan, 2 S. D. 39; Durkee v. Janesville, 26 Wis. 37; State v. Becker, 3 S. D. 29, 51 N. W 1920.   Retroactive laws are forbidden by the constitution. The legislature has no power to pass a law impairing vested rights of property.   3 Am. & Eng. Encyc. of Law 757, 758. See, also, College v. Jones, 47 Md. 1; Bank v. Hitz, 1 Mackey 111; Holmes v. Holmes, 4 Barb. 295; White v. White, 5 Barb. 474.

*Chailes L. Brockway*, for respondent.

It was not error for the court to grant leave to file a sufficient bond.   Towle v. Bradley, 2 S. D. 472.   The widow is en-

titled to payment of the whole of the proceeds. Rhode v. Bank, 52 Ia. 375; S. C. 3 N. W. 407. Secs. 21 and 22, Chap. 51 Laws of 1890, are not unconstitutional. 23 Am. & Eng. Encyc. of Law 229, 238, 239; Johnson v. Harrison, 47 Minn. 575; Christie v. Life Indemnity, etc., Co., 82 Ia. 360; State v. Morgan, 2 S. D. 32; State v. Becker, 3 S. D. 29, 51 N. W. 1020.

FULLER, J. On the 11th day of August, 1894, plaintiff, the surviving wife of John J. Skinner, deceased, appealed from an order of the county court, made and entered on the 4th day of that month, subjecting, in the due course of administration, the proceeds of a $2,000 life insurance policy to the payment of decedent's debts; and this appeal is from a judgment of the circuit court entered on the 16th day of July, 1895, reversing said order of distribution, and directing the administrator to pay over to plaintiff, for the separate use of herself and two minor children, the avails of said insurance policy, to the exclusion of defendants and appellants, who are general creditors of the estate.

The facts, so far as essential, may be stated briefly as follows: In the month of August, 1893, John J. Skinner died, intestate, leaving surviving him his wife, the respondent, Bertha R. Skinner, and their two minor children, as the sole heirs at law of his estate, which consisted wholly of the $2,000 policy of insurance upon his life, made payable to the insured, his executors, administrators, or assigns. After the demise of said John J. Skinner, the duly appointed and acting administrator of the estate collected from the insurer, and received into his possession as such administrator, and for the benefit of the estate, the $2,000 life insurance, and thereafter and in due form applied to and obtained from the county court, over respondent's objection, the order of distribution complained of and appealed from to the circuit court, and by which the avails of the said policy were subjected to the payment of certain claims existing in favor of defendants and appellants against said John

J. Skinner in his lifetime. When the cause was reached for trial, at the October, 1894, term of the circuit court, counsel, appearing for all the defendants, moved the court to dismiss the appeal, upon the ground that the undertaking on appeal did not run to the state, nor specify the place of residence of either of the persons executing the same as sureties thereto. During the pendency of this motion, opposing counsel applied for and obtained an order by which he was permitted to file a sufficient undertaking, and the motion to dismiss the appeal was overruled. The rulings of the court upon the motion to dismiss the appeal; and upon the application to substitute a sufficient undertaking are assigned as error, and present the first question for our consideration and review.

The conditions of the original undertaking, which was duly approved by the county judge, conform to and are expressed substantially in the language of Sec. 5967, Comp. Laws which specifies the requisite conditions of an undertaking on appeal from the county court. Omitting formal recitals, and that part of the undertaking which, in ordinary phraseology, describes in clear and concise language the proceedings in and judgment of the county court, by the rendition and entry of which plaintiff feels aggrieved and from which she appeals to the circuit court, the conditions of said undertaking are as follows: "Now, therefore, we, Bertha R. Skinner, as principal, and E. A. Sherman and R. G. Parmley, as sureties, do hereby undertake and bind ourselves that the said Bertha R. Skinner will prosecute her appeal with due diligence, and will abide, fulfill and perform whatever judgment, decree or order may be rendered against her by the circuit court, and that she will pay all damages which the opposite parties may sustain by reason of such appeal, together with all the costs that may be adjudged against her; and we further undertake and bind ourselves that, if the judgment, decree or order appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellant shall pay the sum directed to be paid and distributed by the ad-

ministrator of the said estate to the creditors of the same. Conditioned, however, that our liability hereunder shall not exceed the sum of one thousand dollars." In the affidavit attached to (and by Sec. 5232, Comp. Laws, made a part of) the foregoing instrument, each surety for himself swears "that he is a resident of Minnehaha county and state of South Dakota, and that he is worth the sum of $1,000 over and above all his debts and liabilities, and exclusive of all property exempt from levy and sale on execution." Though subject, perhaps, to the objections interposed, because defective and voidable as a statutory undertaking, the instrument under consideration contains all the essential elements of a binding obligation at common law, and is amply sufficient to give the court jurisdiction to allow the new undertaking to be filed upon the seasonable application of one who appears to have taken her appeal in the utmost good faith. Towle v. Bradley, 2 S. D. 472, 50 N. W. 1057; Woodman v. Calkins, 12 Mont. 456, 31 Pac. 63; Saterlee v. Stevens. 11 Ohio 420; Pray v. Wasdel, 146 Mass. 324, 16 N. E. 266; Mix v. People, 86 Ill. 329; Field v. Schricher, 14 Ia. 119. Sec. 5235, Comp. Laws, is remedial in its character, and was designed to authorize an appellant tribunal, having jurisdiction of the subject-matter to permit a new undertaking to be filed, in order to stay proceedings, and make an appeal, which has been taken in good faith, effectual, unless the defects or omissions are such as render the original undertaking void, and vest no jurisdiction in the court to allow an amendment, or the performance of an essential act omitted through, mistake, accident or inadvertance. A question measurably different is presented when there is no undertaking on appeal, or the defects therein or omissions therefrom render such instrument void, because, in that event, an appellate court acquires no jurisdiction to grant or refuse an amendment, or permit any act to be done, and the appeal being ineffectual for every purpose must be dismissed. Haseltine v. Browne (S. D.) 69 N. W. 579.

The policy of insurance was made payable to the executors, administrators or assigns of John J. Skinner, the insured,

The estate was insolvent. The amount due appellants and allowed by the administrator aggregated about $1,600, and, after the payment of certain preferred claims, there remained of the $2,000 life insurance an amount sufficient to pay but 63 cents on each dollar of such indebtedness. The trial court concluded, as a matter of law, that the avails of said policy inured to the separate use and benefit of respondent and her two children, and were in no manner subject to the debts of the decedent. Sec. 21 of Chap. 51 of the Daws of 1890, being entitled "An act to regulate and control life or accident insurance companies," is as follows: "A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his or her creditors; and an endowment policy, payable to the assured on attaining a certain age, shall be exempt from liabilities from any of his or her debts." Endowment life insurance partakes of the nature of an investment, and, like other insurance, is often obtained by and made payable to the assured, his executors, administrators or assigns, for the sole purpose of creating a fund subject to the payment of his debts, and upon which his creditors may securely rely in case other resources fail. The clear intent of the legislature, as expressed in the foregoing enactment, was to defeat such purpose, and create a statute exempting from the payment of debts, without any limitation whatever, the total amount of life insurance which can be in any manner obtained on the life of the assured. A law which exempts to the debtor or his family all the money obtainable from the policies of all the life insurance companies in existence furnishes no basis for computation or measure of value, and is manifestly unreasonable, and clearly repugnant to the following provisions of the constitution of this state: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws; exempting from forced sale a homestead, the value of which shall be limited and de-

fined by law, to all heads of families, and a rensonable amount of personal property, the kind and value of which to be fixed by general laws." A law which, without any limitation as to value, specifies a kind of property that a debtor, solvent or insolvent, may acquire, by investing therein or diverting thereto his entire estate, to the exclusion of *bona fide* creditors, is neither "wholesome" in character nor "reasonable" as to amount, and is by far too generous to be just. How v. How (Minn.) 61 N. W. 456. The view we have taken renders it unnecessary to determine whether the provision under consideration contravenes Sec. 21, Art. 3, of the constitution which provides that "no law shall embrace more than one subject, which shall be expressed in its title."

Subsequently to the decree of the county court, adjudging said insurance money to be lawful assets of the estate, and directing the administrator to apply the same to the payment of decedent's debts, the following statutory provision was enacted: "The avails of any policy or policies of insurance heretofore or hereafter issued upon the life of any person, and payable upon the death of such person to the order, assigns, estate, executors or administrators of the insured, and not assigned to any other person, shall, if the insured in such policy at the time of death reside or resided in this state and leave or left surviving a widow or husband or any minor child, to an amount not exceeding in the aggregate the sum of five thousand dollars, inure to the separate use of such widow or husband or minor child or children or both, as the case may be, independently of the creditors of such deceased, and to such amount shall not in any action or proceeding legal or equitable be subject to the payment of any debt of such decedent." Unquestionably, the judgment of the county court, subjecting, in the order of distribution, the proceeds of the insurance policy, payable to the administrator, to the partial liquidation of the amount due appellants, was, when rendered, fully sustained by the law of this state, and should have been, on appeal, affirmed by the judg-

ment of the circuit court, made and entered on the 16th day of July, 1895, and from which this appeal was taken, unless the intervening enactment operates to invalidate said judgment and deprive appellants of every vested right therein established. Says Mr. Black: "It is generally held that the lien of a judgment is not discharged by an appeal being taken, but merely suspended." 1 Black, Judgm, 473. To hold that the judgment was good when entered, and so continued till the passage and approval of the law of 1895, when it became voidable, would deprive unreversed judgments of the element of conclusiveness, intrench upon the constitutional principle which separates the powers and functions of the three great departments of government, and in effect amount to a reversal of a judgment by the legislative power of a state. Moreover, Sec. 10, Art. 1, of the federal constitution provides that "no state shall pass any law * * * impairing the obligation of a contract," and Sec. 12, Art. 6, of our constitution contains, in substance and effect, the same provision.

Respondent's husband died intestate, and the policy under consideration, which vested in him at the time of its delivery a tangible property right, fully matured at the time of his death, and became a part of his estate, subject to the payment of his debts in the due course of administration, and was sufficient to pay 63 cents on each dollar due appellants according to the terms of their respective contracts. To give the statute under consideration any force retroactively, not only impairs appellant's remedy, but effectually extinguishes their right by rendering their contracts totally worthless. In Bank v. Sharp, 6 How. 301, the United States supreme court said, touching the matter here under consideration: "One of the tests that a contract has been impaired is that its value has, by legislation, been diminished. It is not by the constitution to be impaired at all." Later the same court, speaking through Mr. Justice Swaine, say: "The remedy subsisting in a state when and where a contract is made and is to be performed is a part if its

obligation, and any subsequent law of the state which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the constitution, and is, therefore, void." Edwards v. Kearney, 96 U. S. 595. Appellants, as creditors of the estate, had in due form presented their claims to the administrator, who had allowed the same, and, by pursuing other remedies existing at the time, they had acquired vested property rights before the passage and approval of a statute by which such rights are divested and given to another without their consent, and without any compensation therefor. Upon the theory that such enactments are fundamentally unreasonable and contrary to the immutable principles of justice, courts have uniformly held that the legislative power is constitutionally incapable of making a valid law that will operate to impair existing contracts or defeat vested rights. Gunn v. Barry, 15 Wall. 610; Eidemiller v. City of Tacoma (Wash.) 44 Pac. 877. In Trust Co. v. Fay (Wash.) 45 153, it was held by the supreme court of Washington that an "act providing that the proceeds of life insurance policies shall be exempt from all liability for any debt would be unconstitutional, as impairing the obligation of contracts, if applied to antecedent policies and antecedent debts." Although a statute should be construed to operate prospectively only, unless its terms show clearly a legislative intent that it should have a retroactive effect, it seems impossible to place that construction upon Sec. 1 of Chap. 89 of the Laws of 1895; and we find ourselves unable to avoid the inevitable deduction that it was the clearly expressed purpose of the framers thereof to exempt from the payment of existing debts the avails of all life insurance policies "heretofore or hereafter issued" in all cases where the insured "at the time of death reside or resided in this state and leave or left surviving a widow or husband or any minor child." Consequently, the conclusion follows that said section in so far as the same relates to antecedent contracts is inoperative, because in conflict with the constitution,

and that the decision of the trial court based thereon is not sustainable. The judgment appealed from is therefore reversed, and the case remanded for further proceedings not inconsistent herewith.