In the Matter of the Appeal of MIDLAND VENTURES, INC. from Declaratory Ruling 78–1 and from Declaratory Ruling 81–5 of the South Dakota Department of Revenue.

Nos. 13556, 13585.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1982.

Decided Oct. 27, 1982.

---

Joe Nadenicek, Asst. Atty. Gen., Pierre, for appellee State of S.D., Dept. of Revenue; Mark V. Meierhenry, Atty. Gen., Gene R. Woodle, Asst. Atty. Gen., Pierre, on brief.

Charles B. Kornmann of Richardson, Groseclose Kornmann, Wyly, Wise & Klinkel, Aberdeen, for petitioner and appellant Midland Ventures, Inc.

MORGAN, Justice.

This is an appeal from two circuit court judgments affirming a Department of Revenue (Department) decision denying a claim for a refund of sales taxes. We affirm.

Midland Ventures, Inc., a South Dakota corporation (appellant), has owned and operated a roller skating rink known as Rollaway U.S.A. in Aberdeen, South Dakota. In the course of its operation of Rollaway U.S.A., appellant received receipts from the sales of tickets or admissions to its customers. The purchase price of these tickets or admissions included South Dakota retail sales tax as an element of the purchase price. For the period of November 1975 through April 1980, appellant paid a four percent South Dakota retail sales tax on these receipts. At this time, the statutory rate was three percent. For the period of May 1980 through December 1980 appellant paid a five percent sales tax when the statutory rate was four percent. Appellant applied for a tax refund, which the Department denied based upon Senate Bill 40.[1] Enacted by the South Dakota Legislature in 1981, Senate Bill 40 amended the sales tax upward by one percent, retroactive to 1969. The bill became law in January 1981 and its constitutionality was upheld in *State ex rel. Van Emmerik v. Janklow,* 304 N.W.2d 700 (S.D.1981).

Appellant appeals the circuit court judgments affirming the Department's denial of the tax refund, and alleges that the rule of *Van Emmerik* does not apply. The issue on appeal is whether the *Van Emmerik* rule prohibits a tax refund where a retailer did not collect the tax directly from the consumer.

The circuit court found as a finding of fact that appellant had collected sales tax from its customers and concluded that *Van Emmerik* applied, prohibiting the tax refund. *Van Emmerik* involved retail sales tax directly billed to and paid by utility customers. In *Van Emmerik,* this court upheld the constitutionality of the retroactive statute where the excess taxes paid by the utilities had been passed on to its customers who had shared in the public benefits of those collected taxes.

Appellant alleges that because it did not separately state the South Dakota retail sales tax when it charged its customers for admission tickets to Rollaway U.S.A. it did not collect the tax directly from the consumer. Rather, appellant contends it paid the tax on gross receipts and that *Van Emmerik* does not apply.

■ The retail sales tax is imposed on a retailer's gross receipts. SDCL 10–45–2. The sales tax involved is actually the responsibility of the retailer, not the consumer. *State ex rel. Van Emmerik v. Janklow, supra;* SDCL 10–45–27. The retailer may pass the sales tax on to its customers as per the tax collection schedule, SDCL 10–45–23, or the retailer may simply fail to add the tax to the price paid by the consumer. SDCL 10–45–22. *See State ex rel. Van Emmerik v. Janklow, supra.*

■ In the present case, appellant calculated the gross sales tax by listing its receipts, reducing that amount by the percentage of tax collected from its customers to determine taxable receipts and then multiplying by four percent (or five percent) to determine the sales tax paid. The following formula represents this process: (Receipts ÷ 1.04 = Taxable Receipts × .04 = Sales Tax Paid). As Department correctly

---

1. This one percent sales tax controversy has been the subject of previous litigation. *See Matter of Sales Tax Refund Applications,* 298 N.W.2d 799 (S.D.1980); *Van Emmerik v. State,* 298 N.W.2d 804 (S.D.1980); *State ex rel. Van Emmerik v. Janklow,* 304 N.W.2d 700 (S.D. 1981).

points out, if appellant was absorbing the tax and not passing the tax on to its consumers, the correct method of computing the tax would be four percent (or five percent) of "Receipts."

In examining the evidence, the circuit court found that appellant included the South Dakota retail sales tax as an element of the purchase price of the admission tickets. Findings of fact will not be set aside unless clearly erroneous, SDCL 15–6–52(a), and we are not left with a firm conviction that the trial court erred. *See In re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970). We agree that appellant included the retail sales tax in the purchase price of the admission tickets and thus collected the sales tax from the consumer.

Further, we perceive that appellant is misreading *Van Emmerik. Van Emmerik* dealt with the legal incidence of the retroactive tax, not its economic incidence. The challenge in *Van Emmerik* went to the constitutionality of the retroactivity, not to the manner in which the tax was collected. Consequently, distinguishing *Van Emmerik* on the basis that the retailers utilized different methods to collect the tax fails since, by law, the retail sales tax is the retailer's liability and is imposed on gross receipts; it is not the responsibility of the ultimate consumer.

We affirm the judgments of the circuit court.

FOSHEIM, C.J., and WOLLMAN and DUNN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

Under this holding, this taxpayer was required to foresee (like a swami) that retroactive legislation would be imposed upon a transaction which was not subject to taxation when consummated and to then envision (as a mystic) the amount of tax which would be imposed. *Wilgard Realty Co. v. Commissioner of Internal Rev.,* 127 F.2d 514 (2nd Cir.1942), *cert. denied* 317 U.S. 655, 63 S.Ct. 52, 87 L.Ed. 527 (1942). In this case, this taxpayer contemplated on contesting the validity of the taxes and did so on a timely basis. The majority opinion continues to build on *State Ex Rel. Van Emmerik v. Janklow,* 304 N.W.2d 700 (S.D.1981) (*Van Emmerik*). I hew to my dissenting opinion in *Van Emmerik.* I am not interested in muddling into receipts and taxation methods as does the majority opinion, for the foundation of the majority decision is anchored on Senate Bill 40 which I still believe to be unconstitutional. Furthermore, this case should solely be governed by *Matter of Sales Tax Refund Applications,* 298 N.W.2d 799 (S.D.1980), as the appellee Department of Revenue (Department) admits that it is so bound. The appellee Department should be estopped from asserting otherwise.

In this case, the taxpayer acted in accordance with the law as it existed at the time of the transaction; there is absolutely no state emergency or state fiscal crisis which would be caused by refunds to this taxpayer (the amount in controversy being less than $6,000); Senate Bill 40 is unfair to this taxpayer, is unreasonable, and defeats the reasonable expectation of the parties. Appellant acted, as it was permitted to do so, under SDCL 10–45–22 to pay any taxes without charging the customer. The equities run in favor of the taxpayer and against the Department. It was impossible for this taxpayer to have foreseen that a higher tax would be imposed retroactively, for the upholding of Senate Bill 40 was not only without precedent but was a reversal of prior holdings. Senate Bill 40 does not modify this taxpayer's preexisting rights but serves as a complete destruction of its rights.

Senate Bill 40 violates this taxpayer's rights under art. III, § 22 of the South Dakota Constitution which fixes the effective date of legislation. Moreover, Senate Bill 40 appears unconstitutional when viewed in conjunction with art. VI, § 12 of the South Dakota Constitution, which provides:

No ex post facto law, or law impairing the obligation of contracts or making any irrevocable grant of privilege, franchise or immunity, shall be passed.

Senate Bill 40 also violates the United States Constitution, art. 1, § 10, which expressly forbids any state to pass a law impairing the obligations of a contract. This Court has long recognized that legislative acts impairing contractual obligations are void. *Skinner v. Holt,* 9 S.D. 427, 69 N.W. 595 (1896). Senate Bill 40 likewise violates art. VI, § 2 of the South Dakota Constitution and the Fourteenth Amendment of the United States Constitution because it takes property without compensation and due process of law. The legislature could not, by Senate Bill 40, constitutionally delegate to the Department of Revenue authority to fix a sales tax rate which was in excess of that which the statute clearly provided. For the legislature to delegate such authority after the passing of a decade is preposterous. Since the legislature had no such authority to delegate, the legislature had no constitutional right to retroactively ratify.

This situation in this case is entirely different than *Van Emmerik* in this sense: here the appellant is the taxpayer and is not a mere conduit as were the utility companies. This taxpayer paid all sales taxes under protest, promptly sought a refund within the three-year period as to all taxes paid, explained to the Department that it was wrong, absolutely knew the Department was wrong, and it legally developed that the Department was wrong. The Department was saved by the bell in the political arena via a retroactive legislative act unlike any tax act seen in the history of this Republic. There is something wrong with justice when a wrongdoer, namely, the Department of Revenue, wins in law when it is absolutely wrong in law. The taxpayer knew since May of 1977 that SDCL 10–45–8 was an effective statute; the Department was also aware of this. The Department failed to go to the legislature because it feared displaying its weakness.

However, if salvation is to be found in Senate Bill 40 for the Department, let us examine the language of that bill to see if it applies to this taxpayer. An examination of Section 8, Chapter 102, Senate Bill 40 makes it clear that there was no intent on the part of the Legislature to apply this tax to this taxpayer since such section provides: "The retroactive tax rates created by this Act are *effective only to the extent that such taxes have heretofore been collected by the retailer* * * *."

Therefore, a clear reading of Senate Bill 40 reflects that it has no application to appellant. Moreover, in *Van Emmerik,* 304 N.W.2d at 702, this Court by majority opinion, recognized the importance of Section 8 thereof: "*Section 8* of Senate Bill 40 *protects retailers who may not have collected the* full amount of the *tax from their customers.*" (Emphasis mine.) This retailer seeks just such protection in this action. Rightfully so. For this Court next noted in a footnote:

The retail sales taxes involved here are the liability of the retailer and not the ultimate consumer. *See Van Emmerik v. State,* supra. SDCL 10–45–27. While it is true that the tax is *likely passed on to the consumer* under SDCL 10–45–22, *the retailer may,* without so advertising, *simply fail to add the tax.* (Emphasis mine.)

*Id.* at 702, n. 3. And this taxpayer did, indeed, fail to add the tax. This Court then continued: "It provides that the retroactive taxes are effective only to the extent that taxes were theretofore *actually collected by the retailer* * * *." (Emphasis mine.) *Id.* at 702. Are not the words "actually collected" plain enough? By recent dictate of this Court, this appellant, a retailer and taxpayer, should not be required to pay retroactive taxes.

I would reverse the judgment of the trial court as a matter of law and require the Department to refund the money that it now unlawfully holds of appellant. And thus, to teach it by so doing that in law, as in athletics, you must play by the rules of the game.

On this matter of irresponsible official conduct, perhaps I am not alone. My Brothers on the Court of Appeals of Maryland reached an opposite result to this Court's opinion in *Van Emmerik* when confronted with a similar retroactive tax increase. *See Washington Nat., Etc. v. Trea-*

*surer, Etc.,* 287 Md. 38, 54, 410 A.2d 1060, 1069 (1980), *cert. denied,* 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980), holding that the petitioners were entitled to refunds as a matter of *Federal Constitutional right.* Also, two of my Brothers on the United States Supreme Court, Justices White and Blackmun, noted that the *Van Emmerik* case had probable jurisdiction and stated:

> Just as it is clear that "the principle of curative legislation could, if carried too far, encourage irresponsible official conduct," * it is also clear that it is this Court's duty to define the boundary between permissible and impermissible retroactive tax increases. The question is hardly insubstantial, the lower courts are in conflict, and the Court's prior cases fail to furnish adequate guidance.

*Van Emmerik,* 304 N.W.2d 700 (S.D.1981), *appeal denied,* —— U.S. ——, ——, 102 S.Ct. 986, 988, 71 L.Ed.2d 285, 286 (1982). By caveat, I would add: writ of certiorari was denied in the 1980 Maryland case where it was deemed the taxpayers were entitled to refunds. Whereas, in *Van Emmerik,* the appeal was denied where the taxpayers were denied refunds. Obviously, the highest Court has not trumpeted its final voice in this matter. And the record, in the *Van Emmerik* case, reveals irresponsible official conduct by the Department of Revenue of this State. It is also found in the case at bar.

* Slawson, Constitutional and Legislative Considerations in Retroactive Lawmaking, 48 Cal.L. Rev. 216, 239 (1960).