## JOHNSON VS. NOONAN and another.

An undertaking given under sec. 26, chap. 264, Laws 1860, to stay the execution of a judgment directing the sale of mortgaged premises, is not rendered void, by the want of an order of the court or judge thereof, fixing the sum in which it should be given.

The discretion of a court or judge in fixing the amount of such an undertaking is limited by the amount of the judgment to be appealed from, and the exercise of this discretion whereby the sum may be fixed at a less amount, is a provision of law for the benefit of the party appealing, and he may waive it and give an undertaking for the full amount of the judgment.

Johnson vs. Noonan et al.

An undertaking for an appeal which is absolute, to pay all costs and damages on an appeal, under § 21, ch. 264, Laws of 1860, without inserting the words "not exceeding two hundred and fifty dollars," is a compliance with that statute.

An undertaking to stay the execution of a foreclosure judgment during an appeal, and to pay any deficiency, &c., is not within the statute of frauds, as being an agreement to answer for the debt of another.

If such an undertaking could be held to be an agreement to answer for the debt of another, the recital of the rendition of judgment, that the party against whom it is rendered feels aggrieved thereby, and intends to appeal therefrom and wishes to stay the execution of the same, expresses a sufficient consideration under the statute of frauds.

APPEAL from the County Court for *Milwaukee* County.

Action on an undertaking, given on an appeal to the supreme court from a judgment of foreclosure, for costs and damages, and to stay the execution of the judgment pending the appeal, under § 26, ch. 264, Laws 1860, in an action in which the present plaintiff was plaintiff, and John S. Fillmore and others were defendants. The complaint alleged in substance the rendition of the foreclosure judgment in the action of the present plaintiff against Fillmore and others, whereby lot eight in block ninety, in the city of Milwaukee, was adjudged to be sold; that on the 25th day of May 1861, John S. Fillmore, the principal defendant in said judgment, appealed therefrom to the supreme court, and that to perfect such appeal the defendants in this action, *Noonan* and *Davis* executed a written undertaking whereby they undertook that said Fillmore would pay all costs and damages which might be awarded against him on said appeal not exceeding two hundred and fifty dollars, and that the said Fillmore would pay any deficiency, which might arise from the sale of the mortgaged premises pursuant to said judgment, not exceeding the sum of $3,688.15, being the amount for which said premises were decreed to be sold, with costs and interest and all costs and damages that might be awarded to the respondent on such appeal; that such proceedings were had in the supreme court on such appeal, that on the 7th day of November, 1861, the judgment appealed from was affirmed, and the sum of $110.49,

costs and damages, awarded thereon to the respondent, (the present plaintiff), and that said Fillmore had not paid the same; that on the 6th day of January, 1862, the said mortgaged premises were sold under said judgment for $2,200, to the plaintiff, and the sale was afterwards confirmed; that the deficiency after such sale, remaining due on said judgment, was the sum of $1,568.78 and that said Filmore had not paid the same. The plaintiff claimed judgment for the said sum of $110.49, costs and damages and interest thereon, and also for the sum of $1,568.78, being the deficiency on said judgment, with interest thereon from the 7th day of January 1862.

The defendants answered separately, setting up among other things, that the undertaking mentioned in the complaint was executed by them, but that it was not executed according to law; that the amount specified therein and alleged in the complaint to be the sum of $3,688.15, was not fixed by the circuit court from which the appeal was taken, nor by the judge thereof, nor was it fixed by any court, or judge or other officer authorized to fix the same, and that the said undertaking was therefore void and wholly ineffectual to stay proceedings under the judgment appealed from.

At the trial before the court and a jury, the plaintiff read in evidence the undertaking mentioned in the complaint, and proved that the sums claimed for costs and damages, and for deficiency due on the judgment of foreclosure after the sale, had not been paid, and that the judgment of foreclosure was affirmed by the supreme court and the sum of $110.49 was awarded on the appeal, by that court, for costs and damages as alleged in the complaint, and also, that after the sale of the mortgaged premises on the judgment in the foreclosure suit, which took place January 6th, 1862, there remained due on the judgment the sum of $1,568.78, and rested his case. The defendants then proved that no order had been made by any court, judge or other officer, fixing the amount to be specified in said undertaking, in order to stay the execution of the

foreclosure judgment. The court instructed the jury that the requirement of section 26, chapter 264, Laws of 1860, in regard to fixing the amount of the undertaking on appeal was peremptory and not directory, and that the undertaking in suit, by reason of the omission was void as to the deficiency, and was not effectual to stay proceedings and that they must not embrace in their verdict anything claimed in the complaint for such deficiency on the sale, but that they must find a verdict for the plaintiff for the amount of the costs and damages awarded by the supreme court on the appeal. The plaintiff had a verdict for the amount of such costs and damages only, upon which judgment was entered and he appealed therefrom.

*Thos. M. Knox*, for appellant. 1. The provision of § 26, ch. 274, Laws of 1860 was not imperative, but directory; *Rex vs. Loxdale*, 1 Burr., 447; Sedgw. on stat. 368; Smith on stat. § 679; *Thames Manuf. Co. vs. Lathrop*, 7 Conn., 555; *Colt vs. Eves*, 12 id., 243; *Striker vs. Kelley*, 7 Hill., 9, 24; 2 id., 9, 20; 4 Seld., 317, 328. 2. If the provision in question was imperative, compliance with it was waived by the plaintiff for whose benefit the undertaking was given, and who alone could take advantage of the defect. Sedgw. on stat. 109, 421; *Shaw vs. Tobias*, 3 Comst., 188; 20 Wend., 673; 3 Sandf. S. C., 279; 2 Comst., 464; 18 Barb., 583; 5 Conn., 154; 22 id., 101; Broom's Maxims, 58. 3. The undertaking was as good a simple contract at common law, and would not be void unless the statute so declared it. *Tyler vs. Hand*, 7 How., 573; *U. S. vs Tingay*, 5 Peters, 115; *Seymour vs. Harvey*, 8 Conn., 63; *Bullard vs. Bell*, 1 Mason, 296; *U. S. vs. Colt*, 1 Peters C. C., 145; *Rayberg vs. Peyton*, 2 Wheat., 385; *Van Deusen vs. Haywood*, 17 Wend., 67; *Acker vs. Burrall*, 21 id., 605; *Ring vs. Gibbs*, 26 id., 502; *The People vs. Grey*, 5 id., 288; *Ward vs. Whitney*, 4 Seld., 442, 446; *Johnson vs. Lasene*, 2d Ld. Raymond, 1459, 8 Mass., 147; id., 153; 5 id., 314; 7 id., 200; *Christian vs. Smith*, 5 J. J. Marsh, 472, 474; 3 id., 621; *Fant vs. Wilson*, 3 Monroe, 342, 343; 4 id., 226, 227; *Winthrop vs. Dockendorf*,

3 Greenl., 156, 163; 5 id., 240; 8 id., 422, 427; *Clason vs. Shaw*, 5 Watts, 468, 472; *Stevenson vs. Miller*, 2 Lit., 307, 310; 4 id., 235; 6 id., 173; *Warfield vs. Davis*, 14 B. Mon., 41.  4. The stay of execution during the pendency of the appeal, was a sufficient consideration to support the undertaking.  *Stevenson vs. Miller*, 2 Lit., 307, 310; *Hoy vs. Rogers*, 4 Mon., 226, 227; *Seacord vs. Morgan*, 17 How. Pr. R., 394; *Shaw vs. Tobias*, 3 Comst., 192; *Thompson vs. Blanchard*, id., 234; *Gibbons vs. Berhard*, 3 Bosw., 635, 638; *Beach vs. Southworth*, 6 Barb., 173, 175.

*James G. Jenkins*, for respondents.

1. The undertaking in question does not express the consideration, and is within the statute of frauds, being a promise to answer for the debt of another.  An undertaking is . an engagement by one of the parties to a contract to the other, and not the mutual engagement of the parties to each other; a promise, Bou. Law Dic.  A promise is an agreement by which the promissor contracts toward another to perform or do something to the benefit of the latter.  Id.  In the case of *Thompson vs. Blanchard*, where the majority of the court held that such an instrument as the present one, was not within the statute, the decision rests entirely upon alleged distinction between an "agreement" and an undertaking, as stated in *Wain vs. Warlters*, 5 East., 10, where it was held that the word "agreement" in the statute, means as well the consideration for the promise as the promise itself, and that the consideration must be expressed in the writing.  This case, which gave a new and peculiar construction to the word agreement, that the statute might be more strictly enforced, is quoted in *Thompson vs. Blanchard*, to restrict its application.  The soundness of the decision in *Wain vs. Warlters*, has been frequently questioned both in England and this country.  14 Vesey, 189; 15 id., 286; *Parkhurst vs. Richardson*, 17 Mass., 121.  In some states the language of the statute has been changed, the word "promise," or some other word, being substituted for the

word agreement, and the English doctrine, resting on the technical meaning of the word agreement, has been repudiated in those states. *Violett vs. Patten*, 5 Cranch., 142; *Taylor vs. Rose*, 3 Yerg., 330; *Gilman vs. Kibler*, 5 Humph., 19; *Wren vs. Pearce*, 4 Sm. & M., 91. At common law, a promise as well as an agreement must have a consideration to support it. We find, however, in the case of *Brewster vs. Silence*, 4 Seld., 208, the same court holds that a written contract to guaranty the debt of a third person, must be in writing and express the consideration on which it is made, or it will be void; although it was not an agreement as defined by GROSE, J., in *Wain vs. Warlters*, and was not executed by both the parties, and did not show what each party was bound to do or perform, nor in what respect both parties were bound. A guaranty is not an agreement within the case of *Wain vs. Warlters* any more than the undertaking in question. It is an undertaking to pay the debt of another if he does not. Fell on Guar., 1; Story on Cont., § 852; Story on Prom. Notes, § 457; 3 Kent Com., 121. If the statute means that only such instruments as meet the requirements of an "agreement," as defined in *Wain vs. Warlters*, are within the statute, and as held in *Thompson vs. Blanchard*; then that decision is unsound within the decision of this court in *Taylor vs. Pratt*, 3 Wis., 674. If only such agreements are avoided, the statute would have but limited application. Counsel contended that the dissenting opinion of BRONSON, J., in *Thompson vs. Blanchard*, stated the true rule. The statute does not say that the word "undertake," without a consideration, shall make a binding contract, but the common law says it shall not, and the statute of frauds, that the consideration must be stated. The statute of frauds is not repealed by implication, by the law providing for undertakings, as there is no repugnancy between them. Bac. Abr. Title Stat., (D); *Com. vs. Herrick*, 6 Cush., 465. 2. The undertaking was not effectual to stay the execution of the judgment

and was therefore void. Laws 1860, ch. 264, § 26; *Cram vs. Mitchell*, 11 Paige, 159; 10 How. Pr., 344; 13 id., 402; 5 Abb., 66; 10 How. Pr., 133; 15 id., 33; *Pierce vs. Kneeland*, 7 Wis., 229. 3. A statutory bond is absolutely void if it does not conform to the statute. *Barnard vs. Viele*, 21 Wend., 88; *Anderson vs. Anderson*, 20 id., 585; *Corlies vs. Waddell*, 1 Barb., 355; *Waller vs. Pittman*, 1 N. C., 107; *Orr vs. McBryde*, 3 id., 235; *Pridt vs. Harding*, 4 id., 532; *Mitchell vs. McCoombs*, 2 Yerg., 83; *Jones vs. Parsons*, id., 321; *Albertson vs. McGee*, 7 id., 106; *Wickliffe vs. Clay*, 1 Dana, 589; *Com. vs. Bassford*, 1 E. D. Smith, 218. If the undertaking was not sufficient to obtain a stay of proceedings against the wishes and in spite of the opposition of the plaintiff in the foreclosure suit, then it was without consideration, no stay being obtained. If the doctrine in *Thompson vs. Blanchard* be not law, the undertaking in the case at bar is avoided by the statute of frauds; if it be law, the instrument is void, for want of consideration.

*By the Court*, PAINE J. This action was brought against the defendants as sureties on an undertaking, given on an appeal from a mortgage foreclosure judgment. The undertaking was intended to effect a stay of proceedings, but instead of obtaining an order specifying the sum not exceeding which they would pay any deficiency, the undertaking was drawn promising to pay any deficiency not exceeding the entire amount of the foreclosure judgment. The statute provides that in such cases the proceedings shall not be stayed, unless the undertaking be " conditioned for the payment of any deficiency which may arise upon such sale, not exceeding such sum as shall be fixed by the court or a judge thereof, to be specified in the undertaking."

The question is, whether the want of an order specifying the sum renders the undertaking void, so far as the promise to pay the deficiency was concerned. This depends upon the ques-

tion whether it was competent for the parties giving the undertaking to waive the order so far as it was intended for their benefit, and, by inserting the full amount of the foreclosure judgment, to fully comply with the intent and spirit of the statute, so far as the rights of the plaintiff in that judgment were concerned.

We think it was competent for them to do this. The defendant in that judgment might have had an interest in having the sum fixed as low as possible, so that he might the more readily obtain security. The plaintiff might have had an interest in having it fixed as high as possible, so as to be sure to recover his debt. But it is obvious that he could not ask for a sum higher than the judgment, beyond which there could possibly be no deficiency. Any discretion to be exercised by the court or judge in fixing the sum would therefore be limited by the judgment. And if the defendant and his sureties chose to waive any effort to obtain any reduction of the sum for their benefit, and to give an undertaking to pay any deficiency not exceeding the entire judgment, we think they may thereby waive the necessity of any order fixing the amount. It is a well known maxim, that a person may waive provisions of law designed merely for his own benefit. This court acted on that maxim in deciding a motion made to dismiss an appeal, in another case, but upon which motion no opinion was written. The undertaking in that case was absolute, to pay all costs and damages on the appeal, without inserting " not exceeding two hundred and fifty dollars," which is the language of the statute. Sec. 21, chapter above referred to. The justification, however, was in the sum of five hundred dollars, which would have been requisite if those words had been inserted. We held that the limitation was designed for the benefit of the appellant and his sureties, and that if they chose to waive it, and undertake absolutely to pay all costs and damages without any limitation, justifying in a proper sum, they

might do so, and the appeal would be good.    That decision is applicable here, so far as to show that it is not essential to comply with the very letter of the statute, so long as its substance and meaning are fully observed.    And although this case differs from that, in the fact that the plaintiff in a foreclosure judgment might be interested in the sum to be fixed as a limitation, to the amount of the deficiency to be paid, yet when the defendant and his sureties choose to remove all question by undertaking to pay the entire judgment, if there should be so much deficiency, it seems to be fully within the reason of the decision referred to, and a most perfect compliance with the substantial meaning of the law.

The respondent's counsel also urged that such an undertaking is within the statute of frauds, as an agreement to pay the debt of another, and that it must be held void for not expressing the consideration.    He entered into an elaborate argument to show that the dissenting opinion of Judge BRONSON, in *Thompson vs. Blanchard*, 3 Coms., 335, was better law than the opinion of the court.    But the argument was more ingenious than sound, and we were entirely satisfied with the decision of the majority in that case, to the effect that such an undertaking is not within the statute of frauds.

We are, moreover, of the opinion that if it was, the consideration is sufficiently expressed in this undertaking, to comply with that statute.    It recites that " whereas judgment was rendered," &c., describing the judgment, " and whereas the defendant John S. Fillmore feeling aggrieved by said judgment, intends to appeal therefrom, *and wishes to stay the execution of the same,*    *    *    *    Now *therefore* we do hereby undertake," &c.    This means nothing more nor less than that they sign this undertaking for the reason that Fillmore had appealed, and wished to stay proceedings, and for the purpose of accomplishing that object.    That is all the consideration there is for such an instrument, and it was wholly unnecessary to recite the statute, or to say that in consideration that the statute had

Johnson vs. Noonan et al.

provided for a stay of proceedings on giving such an instrument, therefore they gave it. That such was the consideration, as plainly appears from the face of the paper as it now is, as it would if such language had been used.

The court below ruled that the undertaking was void, so far as it promised to pay the deficiency, for the reason that no order was obtained fixing the amount of the limitation. And for that reason the judgment must be reversed, with costs, and the cause remanded for a new trial.