## COUGHRAN v. SUNDBACK *et al.*

An undertaking on appeal, in a claim and delivery action, to pay all costs and damages which may be awarded and the amount directed to be paid by said judgment, but not containing any agreement to "obey the order of the appellate court on appeal," as required by Comp. Laws, § 5221, while not sufficient, as a statutory undertaking, to stay the execution of a judgment, yet, the penalty of the bond being in such a sum as to indicate that the purpose was to secure payment of the amount found to be the value of the property, together with costs and disbursements, and the undertaking having been treated as entirely regular by the parties, and no execution issued, it will be given effect as a common-law obligation and the liability of the obligors thereunder enforced.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by E. W. Coughran against John Sundback and others for a recovery upon an appeal bond. From a judgment for defendants, plaintiff appeals. Reversed.

*A. A. Polk* and *Aikens & Judge*, for appellant.

The bond in suit, while not sufficient to operate as a stay bond, was yet good as a common-law obligation, its penalty being in such a sum as to indicate that its purpose was to secure the payment of the amount found to be the value of the property and the undertaking having been treated and accepted as entirely regular by the parties. Nunn v. Goodlet, 10 Ark. 89; Dore v. Covey, 13 Cal. 502; Mix v. People, 86 Ill. 329; Meserve v. Clark, 115 Ill. 580; Field v. Schricher, 14 Ia. 119; Pray v. Wascull, 146 Mass. 324; Grantor v. Parker, 142 Mass. 186; Heale v. Newton, 96 Mich. 228; Minor v. Rodgers, 65 Mich. 225; Jones v. Droneberger, 23 Ind. 74; Railsback v. Greve, 58 Ind. 72; Adams v. Thompson, 18 Neb. 541; Goodwin v. Bunzl, 102 N. Y. 224; Thompson v. Lea, 28 Ala. 453; McElroy v. Mumford, 128 N. Y. 303; Braithwaite v. Jordan 65 N. W. 701.

*Bailey & Voorhees,* for respondents.

Cited *Contra:*—Elliott v. Buckland, 37 How. Pr. 71; Carter v. Hodge, 150 N. Y. 532; Post v. Doremus, 60 N. Y. 371; Central Lumber & Mill Co. v. Center, 40 Pac. 334; Whitney v. Allen, 21 Col. 234; Powers v. Crane, 7 Pac. 135; Powers v. Chabot, 28 Pac. 1070; Drinkwine v. Eau Claire, 83 Wis. 428; Kountze v. Omaha Hotel Co. 107 U. S. 378; Concordia Sav. & Aid Assn. v. Read, 124 N. Y. 189.

FULLER P. J. The basis of this action is an undertaking on appeal from a judgment against a sheriff, John Sundback, rendered in a claim and delivery action, and affirmed by this court in Coughran v. Sundback, 9 S. D. 483, 70 N. W. 644. Upon the theory that the terms and conditions of such undertaking, executed by Sundback as principal and Hollister and

Tabor as sureties, do not justify a recovery of the value of the property seized by the sheriff, and involved in the action of claim and delivery, the trial court limited plaintiff's recovery to the costs of said action in the circuit court—the judgment for costs on appeal to this court having been paid—and this appeal is from a judgment accordingly entered. Payment of the value of specific personal property involved in the former controversy was adjudged, with costs, in case delivery of such property could not be had; and the undertaking on appeal therefrom, now being considered, is (omitting venue and title) as follows: "Whereas, in the circuit court within and for the county of Minnehaha, the above named respondent recovered a judgment against the above-named appellant, John Sundback, and the above named appellant, feeling aggrieved thereby, intends to appeal therefrom to the supreme court of the State of South Dakota: Now, therefore, we do hereby undertake that the said appellant will pay all costs and damages which may be awarded against him on said appeal, or on a dismissal thereof, not exceeding two hundred and fifty dollars, and do also undertake that if the said judgment so appealed from, or in any part thereof, be affirmed, or said appeal be dismissed, the said appellant will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages and costs awarded against said appellant on said appeal." The exact question presented by this appeal is whether, in order to stay execution pending an appeal from a judgment directing the delivery of personal property, the undertaking on appeal must be drawn in accordance with Section 5221 of the Compiled Laws, which provides that, "if the judg-

ment appealed from direct the assignment or delivery of documents or personal property, the execution of the judgment shall not be delayed by the appeal, * * * unless an undertaking be entered on the part of the appellant, by at least two sureties, in such sum as the court or the presiding judge thereof shall direct, to the effect that the appellant will obey the order of the appellate court on appeal." According to Section 5219, in order "to render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred and fifty dollars." Section 5220 is as follows: "If the appeal be from a judgment directing the payment of money it shall not stay the execution of the judgment unless an undertaking be executed on the part of the appellant, by at least two sureties, to the effect that if the judgment appealed from, or any part thereof, be affirmed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all the damages which shall be awarded against the appellant on appeal."

In support of the judgment appealed from, counsel for respondents maintain that execution could be stayed only by an undertaking drawn in accordance with, and specifying the conditions required by Section 5221, and that the bond given covers no more than the costs adjudged in the circuit court. It is clear that an undertaking for costs is necessary, to make an appeal effectual for any purpose, and, in order to stay the execution of a judgment directing the payment of money, the un-

dertaking must be to pay the judgment, or such part thereof, as may be affirmed, together with all damages awarded on appeal, while, in order to stay the execution of a judgment directing the delivery of personal property, the amount of liability shall be fixed by the court, and the undertaking must be "to the effect that the appellant will obey the order of the appellate court on the appeal." Here we have in one instrument (which is, in such respect, entirely proper) an undertaking for costs, and the undertaking required by Section 5220; but, as none of the requirements of Section 5221 are contained therein, the instrument, as a statutory undertaking, is not sufficient to stay the execution of the former judgment. Such judgment, in the usual manner of expression, directs the payment of $31.-31 costs, and the value of the property, in case delivery cannot be had, which is found to be $873. The undisputed evidence, admitted without objection, shows that Coughran proposed to issue execution before the undertaking under consideration was given, and was prevailed upon to forbear by repeated assurances that an appeal to this court would be taken, and a sufficient stay bond furnished. Consequently no steps were taken to enforce the judgment prior to the giving of the undertaking, in which the sureties justified in the sum of $2,000, for the evident purpose of securing payment, upon default, of the amount found to be the value of the property, together with costs and disbursements. That such was the import of the undertaking, and that a stay had been effected, was the view that governed all subsequent conduct, and no execution issued pending the appeal. By the employment of familiar rules for the construction of contracts, and their application to these circumstances appearing of record, the intention of the parties

to provide an undertaking that would operate—as valid security —as a stay of all proceedings is clearly gatherable from the writing; and parties having enjoyed the benefit of the stay contemplated ought to be held amenable, provided the instrument is good as a common-law obligation, although the amount was not fixed by the court, nor the conditions, in accordance with the requirements of the statute. When execution has been actually stayed by an undertaking treated as entirely regular, though insufficient to accomplish such purpose, and the departure from the statute does not tend to defeat its object, the fact that nothing is done to enforce the judgment has generally been regarded a sufficient consideration for a common-law obligation, from which sureties cannot escape liability, and such is our conclusion. Ryan v. Webb, 39 Hun. 435; Toles v. Adee, 84 N. Y. 222; Pray v. Wasdell, 146 Mass. 324, 16 N. E. 266; Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399; Field v. Schricher, 14 Iowa, 119; Mix v. People, 86 Ill. 329; Babcock v. Carter, (Ala.) 23 South. 487, 67 Am. St. Rep. 193; Dore v. Covey, 13 Cal. 502. The trial court having erred in limiting appellant's recovery to the item of costs, the judgment appealed from is reversed, and the case remanded for further proceedings consistent with this opinion.