(87 N. W. Rep. 1008.)

---

NATIONAL BANK OF WAHPETON *vs.* MARTIN HANBERG *et al.*

Opinion filed Nov. 4, 1901.

### Chattel Mortgage Foreclosure Appeal—Stay Bond.

In an action in equity to foreclose a chattel mortgage, the plaintiff recovered judgment against defendants as follows: It was adjudged that plaintiff recover judgment for $460.62; and further adjudged that the sheriff should take possession of the chattels described in the mortgage, and sell the same in manner and form as in execution sales, and apply the proceeds of the sale in discharge of said money feature of the judgment. Defendants appealed to this court from said judgment, and, to perfect said appeal, caused the usual undertaking for costs to be filed, and in addition thereto, an undertaking framed under the provisions of § 5610, Rev. Codes 1899, whereby the obligors undertook, in effect, to pay the judgment as entered in the district court in so far as the same should be affirmed in the supreme court. *Held*, that said undertaking operated to stay proceedings in the district court.

### Order for Stay—Unnecessary.

*Held*, further, upon the facts in this record, that it is unnecessary to determine whether, under strict practice, the defendants should have applied to the district court for an order respecting the undertaking, as prescribed in § 5611 or 5616. Had such application been made, the trial court, in the exercise of its judicial discretion, could have gone no further than to direct the defendants to file an undertaking for costs, and also to pay the judgment so far as it should be affirmed. Such an undertaking was voluntarily filed; hence the omission to obtain an order was at most a mere irregularity, and one resulting in no prejudice to the respondent.

Appeal from District Court, Richland County; *Lauder,* J.

Action by the National Bank of Wahpeton against Martin Hanberg and others. Judgment for plaintiff, and defendants appeal. Reversed.

*Freerks & Freerks,* for appellants.

The contention of defendants is, that, under § 5902, Rev. Codes, they had the right to give either form of bond provided for in § 5371, Rev. Codes. They elected to give the last form of undertaking provided for in that section, to the effect that, on demand, they would pay plaintiff the amount of any judgment which it might recover in the action against them, not exceeding the sum specified in the undertaking, with interest. After this undertaking was given the action became a purely money demand, and the question of obtaining possession of the property for the purpose of foreclosing the mortgage was out of the case. By the giving of this bond the lien on the property was released and removed, the suit continued as a personal action only. § 5902, Rev. Codes; *Epsilon* v. *Salorgue*, 6 Mo. App. 352; *Hills* v. *Moore*, 40 Mich. 210; *Wolff* v. *Stix*, 99 U. S. 1; *Barry* v. *Foyles*, 1 Peters, 311; *Brenner* v. *Noyes*, 98 Pa. St. 274; *Fitch* v. *Ross*, 4 Serg. & R. 557; *Albany City Ins. Co.* v. *Whitney*, 70 Pa. 248. The object of the statute is to enable the defendant to supersede the proceedings by giving security to perform the judgment that may be recovered in the action. The giving of the bond put the case on an analogous footing to an attachment proceeding. *McCombs* v. *Allen*, 82 N. Y. 114; *Buckingham* v. *Sweezy*, 61 How. Prac. 266; *King* v. *Childs*, 30 Minn. 366; *Ruchelman* v. *Skinner*, 46 Minn. 196; *Bush* v. *Meyers*, 29 O. St. 120; *Endress* v. *Ent*, 18 Kan. 236; *Wyman* v. *Hallock*, 57 N. W. Rep. 197; *McLaughlin* v. *Wheeler*, 1 S. D. 497; *Fox* v. *McKenzie*, 1 N. D. 298. The dissolution bond changed the character of the suit to one in personam. *Hill* v. *Harding*, 98 Ill. 77; *People* v. *Cameron*, 7 Ill. 468. There is a marked difference between the forthcoming bond and the bond to dissolve the attachment. The first leaves the levy intact; the second dissolves it. *Eddy* v. *Moore*, 23 Kan. 113; *People* v. *Cameron*, 7 Ill. 468.

*Purcell & Bradley*, for respondents.

Appellants' contention is based on decisions made under attachment laws on proceedings to discharge the attachment by the giving of a bail bond. *Fox* v. *McKenzie*, 1 N. D. 298, construed the attachment law as it existed prior to the revision of 1895. By the revision of the attachment law, § 5009, Comp. Laws, found in amended form in § 5370, Rev. Codes, was substantially changed. Section 5375, Rev. Codes, provides that the giving of any of the undertakings mentioned shall not operate as a waiver of the right to move to discharge the attachment, showing that, under the present law, the bond does not dissolve the attachment. The undertaking given by appellants under § 5371, Rev. Codes, would, at most, operate to discharge and release the warrant on which the sheriff seized the property, and could not take away the lien of plaintiff's mortgage.

WALLIN, C. J. In this case the controlling facts are not in dispute. The action is brought in a court of equity to foreclose a mortgage.

given by defendants upon personal property to secure a promissory note executed and delivered by the defendants. The mortgage embodied a stipulation in the usual form, giving the mortgagee the right upon default to take possession of the property, and sell the same in manner and form as the law in such case directs. The litigation in the district court resulted in the entry of a judgment in plaintiff's favor for the relief demanded in the complaint, which judgment embraced substantially the following features: First, the plaintiff recovered a money judgment against the defendants for the sum of $460.62, which sum included the plaintiff's costs and disbursements; second, it was adjudged that said amount was secured by the lien of the mortgage; third, that the plaintiff is entitled to the possession of the personal property described in the complaint and in the mortgage; fourth, that such personal property should be sold by the sheriff of Richland county in the manner provided by law for the sale of personal property upon execution, and from the proceeds of the sale there should be paid the amount due upon the judgment, together with the costs and expenses of such sale; and, finally, it was adjudged that the defendants, and all persons claiming under them, should be forever barred and foreclosed of any and all right, title to, and interest in or to said personal property. From this judgment the defendants appealed to this court by serving and filing the requisite notice of appeal, and by way of perfecting said appeal the defendants gave an undertaking for the costs and damages on appeal to an amount not exceeding $250, and which undertaking embraced the following additional provisions: "And do also undertake that, if the said judgment so appealed from, or any part thereof, be affirmed, or said appeal be dismissed, the said appellant will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed if it be affirmed only in part, and all damages and cost which shall be awarded against said appellants on said appeal." No exception was taken to this undertaking, nor was an order made by said court, or the judge thereof, fixing the amount or the conditions of such undertaking, on any undertaking to be filed on said appeal. It further appears that after said appeal was taken and said undertaking was filed as above stated the plaintiff caused an execcution to be issued upon said judgment, which was delivered to the sheriff of Richland county for service; and the same embraced, among other things, a copy of said judgment. Pursuant to such execution, the said sheriff seized and levied upon the personal property described in the chattel mortgage and in the judgment. After such seizure and levy was made, a motion was made in the district court in behalf of the defendants for an order vacating said levy and seizure and setting aside said execution, and said order was asked for upon the ground and for the reason that the case had been appealed to this court, and that an undertaking had been given on such appeal, which

operated to stay proceedings in the court below. Upon a hearing upon said motion the trial court denied the same, and from the order denying the motion the defendants have appealed to this court, and the only error assigned by the appellants is predicated upon the action of the trial court in making said order.

The legal question presented for determination is whether the undertaking as given by the defendants upon the appeal from said judgment, operated as a stay of proceedings upon the judgment in the court below. The trial court held it did not so operate, and in a memorandum opinion filed with the papers places its holding upon the ground that the undertaking was not given pursuant to any order of the court or judge thereof, as is required by § 5611, Rev. Codes 1895, which section the court below holds should govern in this case with respect to an undertaking on appeal from the judgment. In this court counsel for the respondent contend that the undertaking must be governed either by § 5611 or 5616 of the Revised Codes of 1895, and that it does not operate as a stay, for the reason that the same was not given pursuant to any order of the judge or the court below, as is required in each and both of said sections last cited. Before proceeding to discuss this question, it will be proper to state that the plaintiff caused a warrant of attachment to issue at the inception of the action, under § 5898, Rev. Codes 1895, and pursuant to which the sheriff of Richland county took the property described in the mortgage into his possession. Immediately upon such possession being taken by the sheriff, the defendants acting and claiming to act respectively under § § 5902 and 5371 of said Codes, proceeded to execute and did execute and deliver to the plaintiff an undertaking framed under § 5371, with sufficient sureties, conditioned to the effect that the parties signing the undertaking would on demand pay the plaintiff the amount of any judgment which might be recovered in the action against the defendants. Upon the delivery of said last-mentioned undertaking the property covered by the mortgage was redelivered to the defendants by the sheriff. The briefs of counsel filed in this court are devoted almost exclusively to a discussion of the legal effects and consequences of giving the last-mentioned undertaking. Appellants' counsel claim that the undertaking under § 5371 had a three-fold effect, viz.: That it operated to require a redelivery of the property to the defendants; second, that it operated as security for the payment of any judgment which plaintiff might recover; and, finally, that the undertaking so operated as to discharge and wipe out the lien of the chattel mortgage. On the other hand, counsel for the respondent strenuously argue that it does not have the effect to discharge the lien of the mortgage. As a corollary of the theory of the appellants' counsel, it is further argued by them that, inasmuch as the lien of the mortgage has been discharged by said undertaking, after such discharge the action can proceed only as an action at law for the recovery of money only, and that despite its terms the

judgment is, in legal effect, only a judgment for money, and hence that the usual bond in such cases given under § 5610 and such as was given in this case would stay proceedings. With respect to these radically divergent views of counsel this court has reached the conclusion that, for the purpose of disposing of all questions .arising upon the appeal from said order of the district court, which order is alone under consideration, it is wholly unnecessary to determine precisely what effect follows the giving of the redelivery bond which was given under § 5371, as above stated. The district court, by its judgment, explicitly held and adjudged that the lien of the mortgage was intact and adjudged that the mortgage should be foreclosed by a sale of the property described in the mortgage. This adjudication, whether lawful or not, is a stubborn fact, which speaks for itself; and the judgment, whether irregular or not, must govern in determining the course to be pursued by any party aggrieved by the judgment. If it were true that no such judgment should have been entered, that does not alter the fact that the trial court had complete jurisdiction of the action, and did enter the judgment in fact. We therefore hold that the matter of an undertaking on appeal is in no wise affected by the question whether or not the mortgage lien was in any manner extinguished prior to the entry of the judgment. The undertaking to be given on appeal must, under the statute regulating appeals, be governed wholly by the adjudication actually made, and is not governed by considerations dehors the judgment. But from what has been said we do not wish to leave the impresion that this court is of the opinion that giving a redelivery bond under § 5371 does operate to cancel the lien of a chattel mortgage. We simply hold that that question is immaterial here.

It is conceded that the undertaking filed by the appellants, which fully meets the requirements of § 5610, Rev. Codes 1895, operates .as a stay of execution if 'the judgment appealed from is a mere ·direction for the payment. of money. But the contention is that the judgment cannot be classed with mere·money judgments, and hence some other undertaking than that prescribed by § 5610 must be given to obtain a stay of proceedings. Upon this point the . members of this court are not in entire accord. The writer is of the opinion that the undertaking actually filed was sufficient, and does operate as a stay. . In my opinion, the case does not fall within either of the classes of judgment referred to in § § 5611 or 5616, Rev. Codes 1895. I find no direction in the judgment either to assign or deliver documents or personal property, or to do any particular act or thing within the meaning of § 5616. A delivery of chattels necessarily presupposes three features, viz. the chattels that are to be delivered, the party who is to make the delivery, and the party who is to accept or receive the delivery. In this case, as I conceive it ,all of these features are absent. There are no chattels directed to be delivered by any one. The mandate is that the chattels shall be taken possession of and sold by the sheriff. Nor is there any

direction that any person shall deliver the property to any other person. Again, I fail to find in the judgment any direction to do a particular act or thing, as prescribed in § 5616. The judgment in question embraces only the usual adjudications necessarily embraced in all judgments in chattel foreclosure cases, viz. a judgment for a specific sum of money, followed by a direction that the chattels upon which the mortgage is a lien shall be sold as a means of obtaining the money adjudged to be due the creditor. The sole object in all such actions is to recover money, and to obtain no other relief in equity whatsoever. The equitable features of a judgment in such cases are resorted to only as mere instrumentalities whereby the relief prayed for may be the more certainly obtained. But there is entire unanimity as between members of the court as to the practical effect of filing the undertaking. We are agreed that it operates as a stay, and this, without any order or direction of the trial court or judge, as prescribed in § 5611 or 5616. It will be noticed that under both of the sections last named the trial court or judge, when applied to for an order touching an undertaking on appeal, is called upon to discharge a duty which involves judicial discretion. In such cases it is well established by authority that the discretion is not an arbitrary one, and that the same may be reviewed in cases of abuse. Keeping this fact in view, it is proper to inquire what limits would the law place upon the discretion of the trial court or judge in cases such as this. Would it not have been an abuse of discretion in the trial court to have required the appellant to file an undertaking on appeal obligating the signers thereof to do more than to pay the judgment in full, together with the costs and damages accruing on appeal? In our opinion, any such requirement as that suggested would constitute a manifest abuse of discretion. If it be conceded that the statute conferred the right upon the appellants to apply for an order fixing the conditions of an undertaking on appeal, still the right is a privilege merely, and one which could be waived by the appellants. Any order lawfully made could not have required a greater or more onerous undertaking than that voluntarily filed by the appellants. It is therefore our opinion that the undertaking filed on the appeal from the judgment is sufficient. The case cited below is clearly in point, and we fully approve of and adopt the reasoning of the court in that case in support of our views. See *Johnson* v. *Noonan*, 16 Wis. 687.

Our conclusion is that the trial court erred in entering the order which is appealed from in this case, and this court will accordingly direct that the trial court enter an order reversing the order appealed from, and enter an order quashing the execution issued in this case, and the levy made thereunder, as shown by this record. All of the judges concurring.