Coughran v. Hollister· *et al.*

1. Though an undertaking on appeal is not sufficient as a statutory stay bond because of the omission of certain words, yet the sureties, having been required to justify in the sum of $2,000, and by its words having undertaken not only to pay costs and damages to the amount of $250, but the amount of the judgment, if it be affirmed, are charged with notice that they are executing something more than a cost bond, and are bound thereby as a common law undertaking, on evidence that it was treated by counsel as sufficient, and that execution was actually stayed thereby. ·

2. Testimony of surety on an appeal bond, sufficient, by its terms, as a common law undertaking for payment of the judgment if it be affirmed, that at the time he signed it he was informed it was simply a cost bond, is inadmissible, it not being shown who so informed him, or that he relied on the statement.

(Opinion filed February 12, 1902.)

Appeal from circuit court Minnehaha county. Hon. Joseph W. Jones, Judge.

Action by E. W. Coughran against W. C. Hollister and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*Joe Kirby* and *Bailey & Voorhees,* for appellants.

*Aikens &·Judge,* for respondent.

FULLER, J. In Coughran v. Sundback, 13 S. D. 115, 82 N. W. 507, 79 Am. St. Rep. 886, the controlling facts are fully stated, and need not be repeated here. As the undertaking made the basis of both that action and this was held insufficient as a statutory bond, though enforceable as a common-law obligation, the legal effect of the instrument is not involved on this appeal by the sureties from a judgment in favor of the plaintiff and an order overruling a motion for a new trial. Over the objection of counsel for appellants, respondent was permitted to introduce the testimony of his attorney in the original action to the effect that such attorney proposed to issue execution before the undertaking under consideration was given, and would have done so immediately had not counsel for the judgment debtor and the attorney for appellants in this action prevailed upon him to forbear by repeated assurances that he would promptly take an appeal, and furnish a good and sufficient stay bond, and that, relying upon such agreement and the undertaking in suit, no execution was issued pending the appeal to this court. While the foregoing testimony is squarely controverted by counsel for appellants, and the subject to which it relates was never brought to the knowledge of these appealing sureties, and therefore not binding upon them, it was admissible for the purpose of showing how the matter was regarded by counsel, and that execution was actually stayed by an undertaking treated as wholly sufficient. As stated in our former opinion: "No steps were taken to enforce the judgment prior to the giving of the undertaking in which the sureties justified in the sum of $2,000, for the evident purpose of securing payment upon default of the amount found to be the value of the property, together with costs and disbursements. That such was the import of the undertaking, and that a stay had been effected, was the view that governed all subse-

quent conduct, and no execution issued pending the appeal. By the employment of familiar rules for the construction of contracts, and their application to these circumstances appearing of record, the intention of the parties to provide an undertaking that would operate as valid security, as a stay of all proceedings, is clearly gatherable from the writing; and parties having enjoyed the benefit of the stay contemplated ought to be held amenable, provided the instrument is good as a common-law obligation, although the amount was not° fixed by the court, nor the conditions, in accordance with the requirements of the statute. When execution has been actually stayed by an undertaking treated as entirely regular, though insufficient to accomplish such purpose, and the departure from the statute does not tend to defeat its object, the fact that nothing is done to enforce the judgment has- generally been regarded a sufficient consideration for a common-law obligation from which sureties cannot escape liability; and such is our conclusion." We think the character of the undertaking is such as to admit parol evidence of the surrounding circumstances for the purpose of showing what was really accomplished, and the objection to the introduction of such evidence was very properly overruled. Certainly the phraseology of the undertaking, and the amount in which appellants were required to justify, are sufficient to charge them with the fact that they were executing something more than a mere cost bond; and, having thus induced respondent to stay execution pending an appeal to this court, they cannot now escape liability.

At the opening of the trial the absence of W. C. Hollister, one of the appellants, was suggested, with the announcement that a continuance would be applied for on the part of the defendants unless plaintiff would admit that, if present, he would testify that at the time of signing he was informed that it was simply a cost

bond. It was admitted in response to the foregoing statement that, if the absent party was present, he would so testify, and thereupon such admission was offered in evidence, but was rejected by the court, pursuant to the objection of counsel for respondent, and this ruling is assigned as error. In the absence of anything to indicate who informed appellant that he was executing merely a cost bond, or intimation that he relied upon, or was in any manner influenced by, such statement, the evidence was immaterial as a matter of law, and inadmissible, in view of the following terms of the undertaking: "Now, therefore, we do hereby undertake that the said appellant will pay all costs and damages which may be awarded against him on said appeal, or on a dismissal thereof, not exceeding two hundred and fifty dollars; and do also undertake that if the said judgment so appealed from, or any part thereof, be affirmed, or said appeal be dismissed, the said appellant will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed if it be affirmed only in part; and all damages and costs shall be awarded against said appellant on said appeal." Had the witness been present in court, and the subject of the admission been considered as preliminary to proof that the statement was made by some interested person; that he believed and relied upon the same, and would not have signed the instrument had he known its true import—a question relating thereto might have been, under sufficient pleadings, entirely proper, as going to the question of fraud and deception. But, standing alone, the admission has no probative force, and its rejection was not prejudicial. Finding, from a careful examination of the instructions of the court, everything consistent with the law of the case, so far as the same has been announced in Coughran v. Sundback, *supra,* and the entire charge as favorable to appellants as the law

and facts justify, it is unnecessary to take up and pass upon the respective assignments of error relating thereto. Every objection urged by their counsel has received painstaking consideration, and we find no error in the record calling for a reversal. The judgment of the court below is therefore affirmed.