OLE NESVOLD and Hulda Nesvold, Respondents, v. O. M. THOMP-
SON and H. L. Glazer, Defendants. H. L. GLAZER, Appellant.

(217 N. W. 516.)

**Appeal and error — order denying new trial — undertaking held to be super-
sedeas undertaking — execution stage.**

1. Where the district court enters judgment directing the payment of money
and denies a motion for a new trial and the party aggrieved, on appeal from the
order denying a new trial, furnishes an undertaking containing the provision
"that if the said order so appealed from be affirmed, the appellant will pay the
amount directed to be paid by said judgment or the part of such amount as to
which said judgment shall be affirmed, if it be affirmed only in part, and all dam-
ages which shall be awarded against said appellant on said appeal; " said under-
taking is a supersedeas undertaking entitling the appellant to a stay of execu-
tion and no application for a stay of execution need be made to the district court
nor any order for stay made.

**Appeal and error — liability of sureties on supersedeas undertaking.**

2. Sureties on such undertaking are liable for the full amount of the judg-
ment affirmed.

**Evidence — consideration for statutory undertaking may be proved by parol.**

3. The consideration for a statutory undertaking need not be included there-
in, but may be proved by parole.

Opinion filed January 21, 1928. Rehearing denied January 31, 1928.

Appeal and Error, 3 C. J. § 1420 p. 1296 n. 23; 4 C. J. § 3406 p. 1290 n. 9. Evi-
dence, 22 C. J. § 1561 p. 1166 n. 99.

Appeal from the District Court of Ward County, *Lowe,* J.
Affirmed.

*L. J. Palda, Jr., C. E. Brace,* and *Robert W. Palda,* for appellant.

"It is the general rule that an order nunc pro tunc may be made to
correct a mistake in failing to enter an order which was actually made,
or which should have been made as a matter of course and as a legal
duty." 15 Enc. Pl. & Pr. 344.

"No order can be entered nunc pro tunc unless it was in fact made in
the first instance. The circumstance that the court should have made

56 N. Dak.—25.

it will not suffice." Creedon v. Patrick, 3 Neb. (Unof.) 459, 91 N. W. 872.

"A nunc pro tunc order is effective only when it records a previously omitted truth—it does not create, but only speaks what has been done." Cox v. Gress, 51 Ark. 224.

"Where a bond on appeal has no validity as a statutory bond, a motion for judgment thereon should be denied even if it could be shown to be supported by a consideration, and to be good as a common law bond." Central Lumber & Mill Co. v. Center, 107 Cal. 193, 40 Pac. 334.

*McGee & Goss* and *E. O. Haraldson,* for respondents.

"The obligors on the bond are estopped to deny their liability when the bond has subserved the purpose for which it was given, and the appellant has had the benefit of it." Mix v. People, 86 Ill. 329; Courson v. Browning, 78 Ill. 208.

"If the conditions of an appeal bond substantially cover the provisions of the statute, and secure to the respondent all that the law has designed for him, such bond is sufficient, although not in the exact words of the statute." Bortree v. Dunkin, 123 Pac. 913.

BURR, J. On the third day of April 1923 the plaintiffs herein entered judgment in the district court of Ward county against one W. J. Gerding in the sum of $1,095.85, appeal was taken to the supreme court from the order denying the motion for a new trial, and at the said time and undertaking on appeal was furnished in effect, as follows:

"Whereas, judgment was rendered . . . in favor of the above named plaintiffs . . . for the sum of $1,095, damages and costs, and . . . the said defendant duly made a motion for a new trial, . . . and the said district court . . . made an order denying the motion . . . and the above-named defendant feeling aggrieved thereby, intends to appeal from said order denying his motion for a new trial to the supreme court of the state of North Dakota:

Now, therefore, we, W. J. Gerding, as principal, and O. M. Thompson and H. L. Glazer of the city of Minot, in the county of Ward and state of North Dakota, as sureties, *do hereby undertake that appellant will pay all costs and damages which may be awarded against him on said appeal, or on a dismissal thereof not exceeding the sum of $250.*

'And do also undertake that if the said order so appealed from be affirmed, the appellant will pay the amount directed to be paid by said judgment or the part of such amount as to which said judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against said appellant on said appeal."

On this undertaking each surety justified in the amount of $2,500. The supreme court affirmed the order appealed from, the judgment was duly entered pursuant to the remittitur and the order of the supreme court. Plaintiffs still own the judgment, and no part thereof has been paid, though execution was issued for the purpose of realizing thereon. These facts are stipulated by the parties. Plaintiffs brought action against the sureties and judgment against them was entered in the district court of Ward county for the amount of said judgment with interest and costs, in all $1,402.83; and the defendant H. L. Glazer appeals to this court.

It is the contention of the appellant that under the language of the bond he is not liable for more than the costs of the former appeal; that by the terms of the undertaking itself it is merely for costs on appeal; that the record affirmatively shows there was no stay of execution ever granted in the former case and no demand for a supersedeas bond; that it was the plain intent of the parties at the time the undertaking was given that the same should operate as a bond on appeal and for costs only and not an undertaking to pay the judgment. In support of his contentions he offers his own testimony to the effect that when he signed the bond he understood it was for nothing more than for the costs and that he understood "at the time and all the time after that this bond was for costs on appeal," and that he was not "supposed to be or giving a bond for anything further than the costs." He admitted he could read and write and could have read the bond if he saw fit, that he signed the bond at the request of the appellant, Gerding, that he was told at that time "some fellow is trying to sue me and I have to put up a bond for costs," and that he was told the bond was for "a couple of hundred dollars." He further contends there is no maximum liability fixed by the bond and no consideration therefor.

The case was tried to the court without a jury, and the court signed the order for judgment against the defendant on the 25th day of June 1927. No findings of fact or conclusions of law had been made by the

district court prior to entry of judgment and the record does not show such findings were waived. On the 9th day of July the court made and signed findings of fact and conclusions of law and stated that "the foregoing findings of fact and conclusions of law are made as of the date of the entry of judgment, in the above entitled action, nunc pro tunc."

There are eleven assignments of error in this appeal; four dealing with the making of the findings of fact and conclusions of law after the entry of judgment and having these findings and conclusions entered nunc pro tunc; two dealing with the understanding appellant had as to the nature and extent of his liability; and the remainder dealing with the character of the undertaking furnished.

On the oral argument appellant states he does not urge the assignments regarding the findings of fact, but asks that they be considered in the matter of cost, if the judgment be affirmed.

The points raised with reference to the belief of the appellant as to the nature and character of the bond are without merit. There is no claim of fraud or undue influence. The appellant could read and had full opportunity to read the undertaking if he had seen fit. Plaintiffs are not responsible for his ignorance. The bond was signed at the solicitation of Gerding who was appealing from a judgment in favor of the plaintiffs and was tendering to the plaintiffs this undertaking on appeal. Appellant knew it was a bond on appeal. Hence the intent of the appellant or his supposition is immaterial. The bond speaks for itself.

This brings us to the consideration of the bond itself. It is conceded that neither the undertaking nor the notice of appeal in the Gerding case makes any reference to a stay of execution, and the record fails to show any application made to the court for a stay. However, there was in effect a stay of execution. The plaintiffs made no attempt to collect the judgment before the entry of the judgment on the remittitur. Section 7825 of the Compiled Laws specifies what language shall be used in case an execution is stayed and is as follows:

"*Execution Not Stayed Without Undertaking.* If the appeal is from a judgment directing the payment of money, it shall not stay the execution of the judgment unless an undertaking is executed on the part of the appellant by at least two sureties to the effect that if the judgment appealed from, or any part thereof, is affirmed the appellant will pay

the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if it is affirmed only in part, and all damages, which shall be awarded against the appellant on appeal."

It will be noted the bond in question uses practically these identical words. Neither an application for a stay nor any order is needed when it is a judgment directing the payment of money. Section 7825 shows an execution on such judgment is not stayed unless an undertaking be given as required. The clear import is that if the undertaking be given and contain in effect the language stated then there is automatically a stay of execution. Had plaintiffs levied on the property of Gerding they would have been met instantly with the rule laid down in the case of National Bank v. Hanberg, 10 N. D. 383, 87 N. W. 1006. Here the appellant furnished an undertaking containing language similar to the statute quoted. There is nothing to indicate any application had been made for a stay of execution or any stay ordered, but the court held that such a bond operated as a stay of execution, "and this without any order or direction of the trial court or judge." In the case at bar the proper undertaking necessary to stay an execution had been furnished and all the benefits of a stay of execution secured.

It is claimed there is no maximum liability fixed in dollars and cents. There is a maximum and that is the amount of the judgment recovered. The requirements of an order fixing an amount is for the benefit of the appellant and so far as this case is concerned could not be more than the amount of respondent's judgment; and the bond specifies this. The appellant may waive the requirements of such an order, as a person may waive any provision of the law designed merely for his own benefit. As said in the case of Johnson v. Noonan, 16 Wis. 687, the appellant might have an interest in having the court fix a sum as low as possible but he did not ask for it; and the respondent had an interest in having the undertaking fixed in an amount sufficient to cover his judgment and costs. The respondent was not entitled to more and he gets all he is entitled to. The appellant chose to fix the amount himself and not to ask for a reduction. By doing so he got the stay of execution provided for in § 7825. Where the penalty of the bond indicates that the purpose was to secure the payment of the amount found to be due together with costs and the undertaking having been treated as entirely

regular by the parties, and no execution issued, it will be given effect as a common-law obligation, and the liability of the obligors thereunder enforced. See Coughran v. Sundback, 13 S. D. 115, 79 Am. St. Rep. 886, 82 N. W. 507. Our own court has held to the same effect in Braithwaite v. Jordan, 5 N. D. 196, 31 L.R.A. 238, 65 N. W. 701, on an undertaking quite similar to the one in issue. There it was held that while a mere cost bond will not secure stay of execution pending an appeal but where the appellee did in fact treat the undertaking as entitling the appellants to a stay by abstaining pending the appeal from all attempts to enforce the judgment in his favor it was held that the undertaking was valid as a common-law obligation supported by a sufficient consideration; and it made no difference that the court had not fixed the amount thereof under the statute as this provision was for the benefit of the respondent and if he waive it and treat the undertaking as sufficient to accomplish the purpose for which it was given, the undertaking may be enforced by him the same as if the statute had been complied with. In this case the amount of the liability is easily ascertainable, for the bond itself says that the appellant will pay the amount directed to be paid by the judgment, etc.

In Coughran v. Hollister, 15 S. D. 318, 89 N. W. 647, the court is dealing with a bond similar to the one at bar and it is there held that "the sureties having been required to justify in the sum of $2,000" and by the words of the bond "having undertaken not only to pay costs and damages to the amount of $250, but the amount of the judgment if it be affirmed, are charged with notice that they are executing something more than a cost bond, and are bound thereby as a common law undertaking on evidence that it was treated by counsel as sufficient and that execution was actually stayed thereby." In the case at bar the sureties justified in the sum of $2,500 which is slightly more than twice the amount of the judgment, and it is clear the bond was treated as a stay bond and no execution issued.

In Fargo Silo Co. v. Pioneer Stock Co. 41 N. D. 345, 170 N. W. 626, an undertaking on appeal similar to the one at bar, except it states a maximum liability was held to be a supersedeas undertaking and "a sufficient undertaking to support the appeal from the order and the judgment."

Some argument was made in regard to the question of consideration

for the bond. The general consideration for an appeal bond is the prejudice received by the appellee, his expense in defending the judgment, the benefit the appellant receives by delay or by having his judgment reviewed, and similar benefits or disabilities. It is not necessary to express the consideration in the appeal bond. See Doolittle v. Dininny, 31 N. Y. 350. The bond in this case recited:

"Whereas . . . the above-named respondent recovered a judgment against the above-named appellant . . . and the above-named appellant feeling aggrieved thereby has appealed . . . now therefore I . . . do hereby undertake that if a judgment be rendered against the said appellant on said appeal and execution therein be returned unsatisfied . . . I will pay the amount unsatisfied." This was held to be sufficient bond to hold the surety for the above amount of the judgment and costs.

In Thompson v. Blanchard, 3 N. Y. 335, we have a bond on appeal very similar to the one at bar as follows: "Whereas the above named . . . has appealed . . . from the judgment: . . . Now therefore, we, the undersigned do undertake that the said appellant will pay all costs and damages which may be awarded against him on the said appeal not exceeding the sum of $250, and if the judgment appealed from or any part thereof be affirmed, the said appellant will pay the amount directed to be paid by the said judgment, or the part of said amount as to which the said judgment shall be affirmed if it be affirmed only in part, and all damages which shall be awarded against the said appellant upon such appeal." It was claimed there was no consideration stated. The court held that consideration may be proved by parol and that the statute of frauds did not apply to instruments created in and deriving their obligation from the statute. It is held in Kasson v. Brocker, 47 Wis. 79, 88, 1 N. W. 418, and if the bond "substantially covers the provisions of the statute, and secures to the appellant all that the law designed for him, it is sufficient." The bond speaks for itself. It says: "Whereas . . . judgment was rendered and entered . . . against the above-named defendant (Gerding) . . . and the above-named defendant feeling aggrieved thereby, intends to appeal from said order . . . to the supreme court: . . . Now, therefore, We, W. J. Gerding, as principal, and O. M. Thompson, and H. L. Glazer . . . as sureties . . . under-

take . . . that if the said order so appealed from be affirmed
. . . the appellant will pay, etc." This must be taken in con-
nection with the fact that a stay of execution was automatically had
upon serving and filing the undertaking and in the case of Johnson v.
Noonan, 16 Wis. 687, it is held that such "agreement is sufficient con-
sideration." It is clear that by the undertaking the parties mean they
signed because Gerding wished to appeal and wanted a stay of execu-
tion, and that if the appeal were considered, the stay had, and the
judgment affirmed on appeal they would pay.

Where the character and extent of the sureties' liability are ascer-
tainable from the inspection of the whole instrument they should be
held to the liability therein expressed.

We do not see how the objections to the findings of fact and con-
clusions of law can affect the costs. These findings and conclusions
are considered the same as if they had been made prior to the entry
of judgment, for objections thereto are waived except so far as they
may affect costs. If they are to be considered the same as if made
before signing the order for judgment then they are ample and proper,
and

The judgment of the lower court is affirmed with costs.

NUESSLE, Ch. J., and BURKE, CHRISTIANSON, and BIRDZELL, JJ.,
concur.